SAMUEL F. WHITNEY *vs.* CHARLES W. HOUGHTON.

Worcester. October 1. — 25, 1879. ENDICOTT & LORD, JJ., absent.

In an action for breach of warranty in the sale of a cow, the warranty alleged in the declaration was that the cow was "well, sound and all right." The warranty proved at the trial was that the cow "eats well and is well." *Held,* that there was a variance between the declaration and the proof; but that the plaintiff might amend, after verdict in his favor, taking no costs since the trial.

In an action for breach of warranty, a witness for the defendant, on cross-examina tion, denied that he ever had a certain conversation with the plaintiff. The plaintiff testified, in rebuttal, that he had such conversation with the witness. On cross-examination, the defendant proposed to ask the plaintiff whether, subsequently to the alleged conversation, he did not go to see the witness to get him to testify for him on the trial, and whether the witness did not then say to him in substance, either, "I don't know anything about the case," or, "I can't help you as a witness;" and that the plaintiff did not then allude to or mention the alleged conversation; the purpose of the inquiry being to show that the plaintiff's conduct on that occasion was inconsistent with his having had the alleged conversation. *Held,* that the evidence was properly excluded.

CONTRACT for breach of warranty in the sale of a cow. The declaration alleged that the defendant undertook and promised that the cow was "well, sound and all right." Answer, a general denial.

At the trial in the Superior Court, before *Dewey*, J., the plaintiff, in support of the allegation of warranty, offered the evidence of his agent who bought the cow, and he testified as follows: "The cow coughed, and I asked the defendant what made her, and he said it was nothing; I said, 'She ought not to cough. Does she eat well?' The defendant said, 'She eats well

and is well.'" The plaintiff also offered in evidence a conversation of the defendant after the sale, in which he said, "I sold the cow for a well cow, and she was well."

The defendant called as a witness one Worcester, who practised as a veterinary surgeon, who testified that in the spring of 1874, a short time before the sale, he was at the defendant's barn and saw the cow, and, at his own suggestion, cut off her tail; that the cow was not sick, but was well; and that he never was called to doctor the cow before the sale. On cross-examination, the witness was asked whether he had not told the plaintiff, on October 30, 1874, that the cow was sick, and the defendant sent for him to come and see her, and that he cut her tail off; the witness denied that he ever had any such conversation with the plaintiff.

The plaintiff, in rebuttal, testified that, on October 30, 1874, after the sale, he had a conversation with Worcester, in which the latter, in reply to his question whether Worcester had ever doctored the cow before the sale, said that the defendant came after him and said his cow was sick, and he went and saw her and cut her tail off. On cross-examination, the defendant proposed to ask the plaintiff whether, subsequently to the alleged conversation with Worcester, he did not go to see Worcester to get him to testify for him on the trial, and whether Worcester did not then say to him in substance, either, "I don't know anything about the case," or, "I can't help you as a witness;" and that the plaintiff did not then allude to or mention the alleged conversation. The defendant stated that the purpose of the inquiry was to show that the plaintiff's conduct on that occasion was inconsistent with his having had such a conversation as that alleged; and that he proposed, if the plaintiff denied it, to prove by other witnesses the above subsequent conversation with Worcester, and that the plaintiff then made no allusion to the alleged conversation of October 30. The judge excluded the question.

The defendant asked the judge to rule that there was a substantial variance between the allegation of warranty and the proof, and to direct a verdict for the defendant. The judge declined so to rule, and submitted the case to the jury, who returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. P. Goulding*, for the defendant.

*F. A. Gaskill*, (*G. F. Verry* with him,) for the plaintiff.

MORTON, J. The warranty alleged in the declaration is that the cow was "well, sound and all right." That proved at the trial was, that the cow " eats well and is well." It is difficult to hold that these two statements are equivalents. A representation that an animal is " well, sound and all right," may import more than a representation that it is " well." But the variance is a technical one, which could have been cured by an amendment, and undoubtedly would have been cured if the court had ruled that it was a variance. It is clear that the variance does not affect the merits of the case, and that an amendment would not have changed the course of the trial, or in any way prejudiced the defendant. This court has power to allow an amendment which will cure the variance, and we are of opinion that it ought to be allowed in this case. *Cleaves* v. *Lord*, 3 Gray, 66. *Stone* v. *White*, 8 Gray, 589. *Peck* v. *Waters*, 104 Mass. 345. *Keller* v. *Webb*, 126 Mass. 393.

The other exception relates to the exclusion of statements made by one Worcester in the presence of the plaintiff. The defendant did not contend that these statements were in themselves competent, but he contended that, as the plaintiff made no reply to them, his tacit acquiescence in their truth is to be presumed.

As was stated in *Larry* v. *Sherburne*, 2 Allen, 34, such evidence is always to be received and applied with great caution, especially when the statements are made, not by a party to the controversy, but by a stranger. An admission by a party of the truth of statements made in his presence, by his silence, could not be implied or inferred, unless they were made under such circumstances as to call for a reply from him. *Commonwealth* v. *Kenney*, 12 Met. 235. *Hildreth* v. *Martin*, 3 Allen, 371. *Commonwealth* v. *Densmore*, 12 Allen, 535.

In this case, we are of opinion that the statements made by Worcester to the plaintiff were not made under circumstances which reasonably called upon him for any reply. He was not required to enter into a discussion with Worcester, and he violated no rule of duty or of courtesy by neglecting to reply. It cannot be said that the natural and reasonable in-

ference from his silence is that he admitted the truth of the statements. The presiding justice properly excluded the testimony.

The result is, that, upon filing the amendment above suggested, the plaintiff is entitled to judgment upon the verdict, taking no costs since the trial.            *Exceptions overruled.*