CAVAN, J.
This is an action of tort to recover property damage, resulting from a collision between an automobile, owned and operated by the plaintiff, and an automobile, owned by the defendant Dente, and driven by the defendant White.
There was a finding for the defendants.
The case is reported because the plaintiff claims to be aggrieved by the exclusion of questions, put to the plaintiff in direct examination, upon objections by the defendants.
The plaintiff was asked the following questions:
“While' you, Mr. Holbrook, and Edmund W. White were standing together at the scene of the accident, did a person who was operating a car directly in back of the car operated by Mr. White, but whose name was unknown, make any statement in the presence of you and Mr. White?” Answer: “Yes.” “What did this unidentified person say?” Objection to this question was made by counsel for the defendants and the Court, after hearing arguments, excluded the question.
Thereupon, the plaintiff made the following offer of proof of what the unknown person did say. “I saw the directional signal on the Holbrook car pointing in a direction which showed that Holbrook was about to turn left, and that nothing was thereafter said by the defendant White.”
Failure to reply to statements, by a party to a controversy, does not presume a tacit acquiesence in their truth unless the statements affect the party in his rights, are of such a nature as to call for a reply and are made *[135] under such circumstances as to make a reply proper and natural. Warner v. Fuller, 245 Mass. 520, at 528.
Maurice Tobey, attorney for plaintiff.
Thomas A. Brett, attorney for defendant.
It was stated in Larry v. Sherburne, 2 Allen 34, such evidence is always to be received and applied with great caution, especially when the statements are made, not by a party to the controversy, but by a stranger. An admission by a party to the truth of statements made in his presence, by his silence, could not be implied or inferred, unless they were made under such circumstances as to call for a reply from him.
In this case, statements made by an unknown person, after the collision, in the presence of the plaintiff and defendant White, were not made under circumstances which reasonably called upon White for any reply. He was not required to enter into a discussion with this unknown person, and “he violated no rule of duty or of courtesy by neglecting to reply". It cannot be said that the natural and reasonable inference from his silence is that he admitted the truth of the statements.” Whitney v. Houghton, 127 Mass. 527, 529, 530.
The exclusion of these questions was not error, and the report is to be dismissed.