## Marie M. Price et al., Appellees, v. Elizabeth Goodrich, Appellant.

## Gen. No. 14,058.

1. AMENDMENTS AND JEOFAILS—*when allowance after verdict not abuse of discretion.* *Held,* that after verdict it was not an abuse of discretion to permit an amendment which consisted in the adding of an additional plaintiff.

2. STATUTE OF LIMITATIONS—*when amendment does not introduce new cause of action.* The addition of a·co-plaintiff does not change the cause of action.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed June 16, 1908.

**Statement by the Court.** This suit was brought, March 24, 1902, by appellee Price against appellant to recover $354.65 alleged by plaintiff to be due to her from defendant for services rendered by her to defendant as a typewriter and stenographer from August 6 to December 20, 1901. The cause was tried by a jury. On the trial plaintiff testified that at the time the services were rendered she and appellee Carpenter were partners in said business.

At the close of the case defendant moved that the suit be dismissed on the ground of variance, and the court denied the motion. She then asked the court to instruct the jury that if they believed from the evidence that plaintiff and Carpenter were partners, and that the work sued for was done by the partnership, they should find the issues for the defendant, and the court refused to give the instruction. Carpenter testified on the trial as a witness for plaintiff. The jury found a verdict for the plaintiff for $354.65, and defendant moved for a new trial. While this motion was pending, the court, on motion of plaintiff, ordered, "that all papers and proceedings in the cause

be and are hereby amended," by adding the name of
A. S. Carpenter, "wherever the name of the said
Marie M. Price occurs." Leave was by said order
given defendant to file a plea of the Statute of Limita-
tions, and defendant filed a plea averring that the
cause of action did not accrue to the *plaintiffs* within
five years next before the commencement of the suit
by the *plaintiffs*. The oral demurrer of the plaintiffs
to said plea was sustained; the motion for a new trial
denied and judgment entered for $354.65 and costs
against defendant, to reverse which judgment she
prosecutes this appeal.

BURRES & McKINLEY, for appellant; WM. J. STAPLE-
TON, of counsel.

COBURN & CASE, for appellees.

MR. PRESIDING JUSTICE BAKER delivered the opinion
of the court.

We think that section 24 of our Practice Act gave to
the Circuit Court power to permit the pleadings and
proceedings to be amended after verdict and pending
the motion for a new trial, by adding the name of
Carpenter as plaintiff; and that the court on the evi-
dence in this case properly exercised such power by
making such amendment. Cogshall v. Beesley, 76 Ill.
445; Tomlinson v. Earnshaw, 112 *id*. 311; Fenton v.
Lord, 128 Mass. 466. Such amendment did not intro-
duce a new cause of action, and the demurrer to the
plea of the Statute of Limitations was therefore prop-
erly sustained. McCall v. Lee, 120 Ill. 261. The dis-
tinction between adding a plaintiff and adding a de-
fendant is obvious. As to the new defendant, the suit
is begun when he is made defendant. The cases cited
for appellant are all cases in which a new defendant
was added after the statute had run.

If the defendant had any claim or demand against
the plaintiffs which could form the basis of a recoup-

ment or set-off against both plaintiffs, but not against plaintiff Price alone, she should have shown such facts by affidavit in support of her motion for a new trial, and in the absence of such showing we cannot presume that she had any such claim or demand.

We think the record is free from reversible error, and the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*