## Blanche Hougland et al., Appellees, v. Avery Coal & Mining Company, Appellant.

1. MINES AND MINERS ACT—*in whom right of action lies for death resulting from wilful violation.* In such a case the right of action lies, first, to the widow and then to the "lineal heirs or adopted children"; where there is no widow entitled to sue such right of action reposes in all the children, and there can be but one recovery for the entire loss.

2. STATUTE OF LIMITATIONS—*what does not constitute a new cause of action.* The addition of another plaintiff in an action charging a wilful violation of the Mines and Miners Act, does not constitute the setting up of a new cause of action.

3. STATUTE OF LIMITATIONS—*when cannot be availed of.* In order to urge that an amendment constitutes the setting up of a new

cause of action, the Statute of Limitations must be specially
pleaded.

4. AMENDMENTS AND JEOFAILS—*when granting leave to amend
after verdict will not reverse. Held,* that it was not an abuse of
discretion for the trial judge to permit an amendment adding an
additional party after verdict.

Action in case for death caused by alleged wrongful act. Appeal
from the Circuit Court of Perry county; the Hon. B. R. BURROUGHS,
Judge, presiding. Heard in this court at the October term, 1909.
Affirmed. Opinion filed February 11, 1910.

B. W. POPE and PERCY WERNER, for appellant.

WEBB & WEBB and A. R. DRY, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion
of the court.

Appellees, Blanche Hougland and Thomas Houg-
land, brought suit against appellant for damages, ac-
cruing to them by the death of their father, William
Hougland, alleged to have been caused by the failure
of appellant to comply with certain provisions of the
law in relation to mines and miners.

The facts and circumstances connected with the
death of William Hougland are the same as those in-
volved in the case of Emma Stevenson v. Avery Coal
& Mining Company, *ante,* p. 565. Upon the trial in
the court below, the two cases were consolidated and
tried before the same jury and upon the same evi-
dence, and there was a judgment against appellant for
$3,000 in each case, from which each perfected sepa-
rate appeals. What we have said in our opinion in
the Stevenson case, is alike applicable to this case and
· the conclusions reached upon the points presented to
this court in that case, must necessarily be the same
here. In the case before us however, one additional
question was raised. Said William Hougland had
been divorced from his wife some six years prior to
his death. He was survived however by three chil-
dren, one of whom, Edward, was twenty-eight years of

age at the time this suit was brought, and the other two, Blanche and Thomas Hougland, still minors. In the decree of divorce which was granted Hougland, he was awarded the custody of said two minor children.

This suit was commenced originally in the name of Blanche Hougland and Thomas Hougland, minors, by Cullen Hougland their next friend, and the trial was conducted in their names.

It appears that appellant made a motion to dismiss the case on the ground of want of proper parties plaintiff, which was denied by the court, and said action was made one of the grounds mentioned in the motion for new trial. After the motion for new trial was entered, the court continued the hearing of the same until the following term of court, at which time leave was granted the plaintiff to amend the declaration, by adding the name of Edward Hougland as an additional party plaintiff, to which action and ruling of the court, appellant excepted and here assigns the same as error.

The statute gives the right of action in cases such as this, first to the widow of the person killed and second to his "lineal heirs or adopted children" and provides that such action shall be commenced within one year after the death of the party injured. It is asserted by appellant that the statute gives the right of action to all the children of the deceased; that it is one entire action which cannot be split up, that Blanche and Thomas Hougland, the original parties plaintiff, had in themselves no cause of action; that by the addition of Edward Hougland, as a plaintiff, a new cause of action was stated, and that therefore the cause of action set forth in the declaration, as amended after the verdict, is barred by the statute, the amendment not having been made until more than a year after the death of William Hougland occurred.

It is true that the right of action accrued to all the children of the deceased, and that there could be but one action and one recovery for the entire loss. Beard

v. Skeldon, 113 Ill. 584. But there is a difference between a "right of action" and a "cause of action," as was said by this court in the case of Staunton Coal Co. v. Fischer, 119 Ill. App. 284. The cause of action here was the death of Hougland under the circumstances charged in the declaration and shown by the proofs. This cause of action was in no wise changed by the addition of another plaintiff and the right to make this amendment was not altered by the fact that it was not asked for or accomplished until after the verdict.

In Price v. Goodrich, 141 Ill. App. 568, where leave was given to add the name of an additional plaintiff after verdict, and while motion for new trial was pending, it is said by the court: "We think that section 24 of our Practice Act gave to the Circuit Court power to permit the pleadings and proceedings to be amended after verdict, and pending the motion for a new trial, by adding the name of Carpenter as plaintiff; and that the court on the evidence in this case properly exercised such power by making such amendment. Cogshall v. Beesley, 76 Ill. 445; Tomlinson v. Earnshaw, 112 id. 311; Fenton v. Lord, 128 Mass. 466, Such amendment did not introduce a new cause of action and the demurrer to the plea of the statute of limitations was therefore properly sustained."

In the case of Chicago Ter. Tran. R. R. Co. v. Helbreg, 99 Ill. App. 563, a personal injury suit, where the declaration was permitted to be amended after the verdict, and while the motion for new trial was pending by alleging that deceased left a widow and next of kin, it was said by the court: "This amendment was properly allowed, the amendment not stating any new cause of action or doing anything but perfecting the declaration, so as to enable the plaintiff to recover, on the cause already though imperfectly stated."

We are of opinion there was no error in permitting the declaration to be amended by inserting the name of Edward Hougland as a plaintiff, after the verdict.

Appellant, however, could not take advantage of this point, even if it were meritorious, for the reason that it did not raise the question of the bar of the statute by special pleas, setting up the same.

In Burnap v. Wight, 14 Ill. 303, it was held that the defense of the statute of limitations could not be interposed by a motion to dismiss, but that it must be relied on by plea.

In Brink's Express Co. v. O'Donnell, 88 Ill. App. 459, where a plea of the statute of limitations was filed, averring the cause of action did not accrue to the plaintiff within two years prior to the filing of an amended declaration, it was said by the court: "This was the appropriate manner for the defendant to present the bar of the statute to the cause of action set up by the new counts, if such causes of action were different from any set up by the original declaration."

This was the method of raising the question adopted by the defendant in Price v. Goodrich, *supra*, where the motion to amend was made after verdict and thereupon leave was given to defendant to file a plea of the statute of limitations.

Appellant also insists that the tenth instruction given for appellee was erroneous. This instruction purported to state the requirements on the part of plaintiffs, for a recovery, among which was a finding by the jury that "the said Hougland left no widow but did leave him surviving Blanche Hougland and Thomas Hougland as his lineal heirs." The criticism of the instruction is that the name of Edward Hougland was not included in the instruction, but that Blanche and Thomas Hougland were treated as the only children of the deceased. We do not think under the circumstances of this case, the omission of the name of Edward Hougland was reversible error, or that it could have been prejudicial to the rights of appellant. It is not to be supposed that if his name had been added, making three persons who were to be

the beneficiaries of a verdict, instead of two, that a less amount would have been awarded the plaintiffs by the jury in the verdict, than was awarded the two persons who were named as plaintiffs in the declaration, at the time the case was submitted to the jury.

For the reasons above stated, as well as those above referred to, as set forth in the opinion in the case of Stevenson against the same appellant, the judgment of the court below will be affirmed.

*Affirmed.*