WILLARD E. WARNER v. THE NATIONAL LIFE ASSOCIA-
TION OF HARTFORD, CONNECTICUT.

*Mutual insurance—Notice of assessment—Forfeiture of policy.*

1. Where the statute governing contracts of insurance between co-operative insurance associations and their members prohibits a forfeiture without notice, and prescribes what a notice of assessment shall contain, the statutory provisions cannot be avoided by a condition attached to the policy, that, in case no notice is given, the member shall be required to forward to the association an amount equal to the previous assessment, and a failure to give the prescribed notice will prevent the association declaring a forfeiture of the policy for non-payment of the assessment.

2. Where the policy contemplates a *pro rata* distribution of the funds received in a particular department only in case the sum realized is insufficient to pay the accrued policy contracts, thus providing against such a contingency, if it should ever happen, a claimant is not required, in a suit upon the policy, to prove that the contingency has not happened.

Error to Wayne. (Hosmer, J.) Argued March 9, 1894. Decided April 17, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*John H. Bissell* (*William A. Sutherland,* of counsel), for appellant.

*C. E. Warner,* for plaintiff.

McGRATH, C. J. The defendant is what is termed an "assessment company." John C. Warner held a certificate or policy upon his own life, which recited that it was issued in consideration of an advance payment, "and of the further payment at the home office at Hartford, Conn., on the first week day of the months of February, April,

June, August, October, and December of each year during the continuance of this contract, of a premium for such an amount as the association may deem requisite for the prompt payment of all losses in the department in which this policy is issued, and for the proper maintenance of the contracts in said department, including an amount for expenses as hereinafter provided." The policy further provided:

"It is understood and agreed that a failure to make any payment specified in said policy on or before the day due (except as hereinafter specified) shall work a forfeiture of this policy, and all moneys paid on the same shall be forfeited to the association, for the benefit of the persisting members."

And further:

"Notice that a premium is payable to the association at Hartford, Conn., on the first week day of each of said months of each and every year, is given in the policy, and accepted, and any further or other notice is expressly waived. And, in the event that the holder of this policy does not receive a notice of the amount of premium which will be due on the days specified herein, an amount equal to the last premium paid shall be paid to the association on or before the day due, as a condition precedent to the continuance of the policy in force."

John C. Warner died February 13, 1893. At the time of his death he had carried the policy for 12 years. On November 10, 1892, a notice was sent to, and received by, the insured, containing the following:

"Bimonthly premium on your policy No. 2,721, of $7.76, will be due and payable at this office on or before the first day of December, 1892."

On December 1, 1892, the insured mailed a check to the company for the amount named in the notice, but it did not reach the company until the morning of December 2, 1892. On that date the company wrote to the insured, informing him that his remittance had not been

received in time, inclosing him a blank health certificate, and stating that he would be obliged to sign and return the good-health certificate before he could be reinstated. On December 3, 1892, the insured wrote to the company, stating that he was unable to say that he was then in sound health, and alleging that, in sending the check, he supposed that he was sending it November 30. The company replied insisting upon the health certificate, and returned the check.

The contract of insurance was made in the state of New York, and is governed by the laws of that state. The statutes of New York provided that—

" Each notice of assessment, premium, or periodical call made by any such corporation, association, or society upon its members, or any of them, shall truly state the cause and purpose of the same, and, if the amount paid on the last death claim paid has not been paid in full at its maximum face value, the name of the deceased member, and the maximum face value of the certificate or policy, and the reason why not paid in full." Laws of 1892, chap. 690, § 210.

The notice sent to the insured, in the present case, did not comply with this statutory provision. The design of the statute is apparent. A policy in a regular life company fixes both the time of payment of premium, and the amount thereof; yet the same statute provides that no life insurance company can declare forfeited or lapsed any policy by reason of the non-payment of any premium without notice, and prescribes what such notice must contain. It further provides that, in case payment is made within the life of the notice, it shall be taken to be in full compliance with the requirements of the policy, anything therein contained to the contrary notwithstanding. These statutory provisions form a part of the contract of insurance, and cannot be waived by the parties. In their absence the parties are bound by the stipulations in the

contract.    Fixed premiums, payable bimonthly or other-
wise, are incidents of regular life policies.    Assessments
are essential incidents of co-operative associations organized
under this statute, and notice through some medium is
requisite.    The statute relating to assessment companies
does not undertake to fix the time of the notice, but it
does fix and determine what the notice must contain.    The
statute contemplates that through these notices the policy-
holders shall be advised of the cause and purpose of the
assessments; and the statute cannot be avoided by a con-
dition attached to the policy, that, in case no notice is
given, the insured shall be required to forward to the
association an amount equal to the previous assessment.
In the present case the association did give notice of the
assessment, which was a sum greater in amount than the
previous assessment; and, not having given such notice in the
manner prescribed by the statute, it cannot be allowed to
declare a forfeiture of the policy by reason of its non-pay-
ment.    In *Miner v. Benefit Association,* 63 Mich. 338,
where the by-laws required the notice to include a list of
all deaths subsequent to the last assessment, and to specify
the amount due from the member to the benefit fund, it
was held that a notice omitting such information was
insufficient, and its service raised no liability on the part
of the member served to pay the assessment demanded.
The statute in question here entitled the policy-holder to
be informed of the cause and purpose of the assessment
before any liability to pay the sum named arose.

It is urged that plaintiff failed, in his declaration, to
allege, and, upon the trial, to prove, facts from which the
jury, could determine the amount, if any, due upon the
policy.    The policy provides that, within a specified time
after proof of loss, there shall be due and payable, solely
from the funds accumulated from the payments of its

insured in this department, "the sum of two thousand dollars." It further provides that—

"Twenty-five per cent. of the net receipts from all premiums paid under this policy during 15 years from its date, together with all amounts deducted where losses occur within five years from the date of the policy, shall be set aside as a reserve fund, the same to be invested and accumulated for the exclusive benefit of the policy-holders. Any portion of said fund may, however, be applied at any time to the payment of death claims that may accrue in excess of the actuary's table of mortality, or whenever the net premiums received from any bimonthly payment, which shall have been made according to the contract, shall be insufficient to pay any and all death claims then due.  *  *  *

"It is also agreed that, if the whole of said funds received from the policy-holders of this department should ever be insufficient to pay all such accrued policy contracts, then the same shall be divided *pro rata* among the holders of such matured policy contracts, and paid to the proper claimants therefor; and such payments shall be in full satisfaction of each of said claims, and fully discharge this association from every liability on account of the same, and the contract upon which they are based."

The statute provides that upon the death of the policyholder "the corporation shall be obligated to the beneficiary for such payment at the time, to the maximum amount specified in the policy or certificate." Laws N. Y. 1892, chap. 690, § 210. The agreement is not to pay the proceeds of a single assessment, or to pay a specific sum, provided a single assessment shall produce such sum. It is true that the amount is payable from the mortuary fund in that department, but the policy holds out that there is a reserve fund which may be drawn upon whenever the net premiums received from an assessment shall be insufficient. The policy contemplates a *pro rata* distribution, not in the ordinary course, but only upon the happening of a contingency, and provides against such con-

tingency, if it should *ever* happen. Plaintiff is not required to prove that a contingency has not happened, which the policy itself regards as remote.

The judgment is affirmed.

The other Justices concurred.