## STEVENS'S ADMINISTRATOR *v.* NICHOLS.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 789. Submitted March 18, 1895. — Decided April 1, 1895.

The denial by a state court of an application to amend a petition for the removal of the cause to a Federal court is not the denial of a right secured by the Constitution of the United States.

MOTION to dismiss or affirm. In January, 1881, the defendant in error as plaintiff commenced a proceeding in the Circuit Court of Pettis County, Missouri, to procure the issue of executions against Robert S. Stevens and another as stockholders in the Texas & Atlantic Refrigerator Car Company, against which he had previously recovered a judgment. This proceeding was based upon section 736, Rev. Stats. Missouri, 1879 (now section 2517, Rev. Stats. 1889). The proceeding was removed by the defendants to the Circuit Court of the United States for the Western District of Missouri. In that court upon proper pleadings a trial was had resulting in a verdict and judgment in favor of the plaintiff and against each defendant for a separate amount. Stevens brought the judgment against him to this court by writ of error, but on examination it was found that the petition for removal was defective, in that it failed to allege the existence of diverse citizenship at the time of the commencement of the proceeding as well as at the time of the application for the removal. The case was, therefore, sent back to the United States Circuit Court, with instructions to remand it to the state court. *Stevens* v. *Nichols*, 130 U. S. 230. This order was carried into effect by the United States Circuit Court. In the state court thereafter an application was made for leave to amend the petition for the removal

so as to include an allegation of diverse citizenship at the time of the commencement of the proceeding. This application was denied. Subsequently a trial was had and a judgment rendered in favor of the plaintiff and against the defendant Stevens, which judgment was affirmed in the Supreme Court of the State. Whereupon defendant Stevens sued out this writ of error.

*Mr. George P. B. Jackson* for the motion.

*Mr. George A. Madill, Mr. John M. Holmes,* and *Mr. James A. Carr* opposing.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

The Supreme Court of the State held that the refusal of the trial court to permit the defendant to amend his petition for removal was proper. Amendments of pleadings or other proceedings are as a rule matters of discretion with the trial court, and a writ of error will not lie to review its action in respect thereto. *Walden* v. *Craig,* 9 Wheat. 576; *Chirac* v. *Reinicker,* 11 Wheat. 280; *United States* v. *Buford,* 3 Pet. 12; *Matheson's Administrators* v. *Grant's Administrator,* 2 How. 263.

The denial by a state court of an application to amend a petition for removal is therefore not the denial of any right secured by the Constitution of the United States. *Crehore* v. *Ohio & Mississippi Railway,* 131 U. S. 240; *Pennsylvania Co.* v. *Bender,* 148 U. S. 255. The judgment is

*Affirmed.*