# Blair, Appellant, *v.* Supreme Council American Legion of Honor.

*Beneficial associations—Trust relation to members—Death certificate—Equity—Adequate remedy at law—Discovery.*

Where a beneficial association issues a death certificate to a member for $5,000, and eleven years afterwards passes a by-law that the highest death benefit shall be $2,000, whether for certificates issued before or after, but that the face value of certificates shall be paid so long as the emergency fund has not been exhausted, and subsequently the widow of the member presents her certificate to the association and is told that she is only entitled to $1,900, and that she can only receive that if she surrenders her certificate for cancelation, the widow may, notwithstanding that she has surrendered her certificate, maintain a bill in equity against the association to compel the return of the certificate, to make discovery of the condition of the emergency fund, and to pay to her the full sum to which she is entitled.

A beneficial association sustains a relation towards its members other than that of a mere life insurance company. The fund which it controls is practically a trust fund made up of the contributions of the members.

Jurisdiction in equity depends not so much on the want of a common-law remedy as upon its inadequacy, and its exercise often rests in the discretion of the court; in other words, the court may take upon itself to say, whether the common-law remedy is under all the circumstances and in view of the conduct of the parties sufficient for the purpose of complete justice.

Argued Jan. 6, 1904. Appeal, No. 159, Jan. T., 1903, by defendant, from decree of C. P. No. 5, Phila. Co., Sept. T., 1902, No. 1326, dismissing bill in equity in case of Mary L. Blair v. Supreme Council American Legion of Honor. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Bill in equity for restitution of death certificate for discovery and for an account.

The material averments of the bill and the grounds of demurrer are stated in the opinion of the Supreme Court.

The court sustained the demurrer and dismissed the bill.

*Error assigned* was the decree of the court.

*Edgar Dudley Faries* and *Frederick J. Geiger*, for appellant.—
The court below erred in holding that the complainant had a
full, complete and adequate remedy at law : Bierbower's App.,
107 Pa. 14.

The court below erred in not holding that the defendant vio-
lated the confidential relationship existing between the com-
plainant and the defendant, and that the complainant was
entitled to equitable relief : Bispham's Equity, sec. 232 ; Tate
v. Williamson, L. R. 2 Ch. App. Cases, 55 ; McCormick v.
Malin, 5 Blackf. 509 ; Kline v. Kline, 57 Pa. 120 ; Stepp v.
Frampton, 179 Pa. 284 ; Com. v. Equitable Beneficial Assn.,
137 Pa. 412.

The court below erred in not holding that the defendant
should make discovery of the amount of the emergency fund :
Bank of U. S. v. Biddle, 2 Pars. 31 ; Adams's App., 113 Pa.
449.

*J. F. B. Atkin*, with him *Murdoch Kendrick*, for appellee.—
This court has uniformly held that where the legal right is in
doubt it must first be established by a suit at law : Washburn's
Appeal, 105 Pa. 480 ; Ferguson's Appeal, 117 Pa. 426 ; Grubb's
Appeal, 90 Pa. 228.

The appellant's bill should not be entertained as a bill of dis-
covery : Peoples' National Bank v. Kern, 193 Pa. 59.

OPINION BY MR. JUSTICE DEAN, March 7, 1904 :

On February 25, 1889, the defendant, a beneficial organiza-
tion, issued its certificate to Henry C. Blair, whereby it agreed
to pay to Mary L. Blair, his wife, upon the death of her hus-
band, $5,000 on condition of the husband's compliance with the
by-laws, of the company.   The husband did comply with all the
by-laws, and on the face of the certificate his widow was en-
titled to payment of the $5,000 ; but it appeared that on Au-
gust 1, 1900, about eleven years and five months after the is-
sue of the certificate and about six months before the death of
the husband, the Supreme Council of the Order adopted this
by-law : " Two thousand dollars shall be the highest amount
paid by the Order on the death of a member upon any benefit
certificate heretofore or hereafter issued.   This sum shall be
paid upon the death of every member holding a benefit certif-

icate of two thousand dollars or over provided that the face value of the benefit certificate shall be paid so long as the emergency fund of the Order has not been exhausted."

On May 4th the widow filed with the Order proof of the death of her husband, called upon the proper officer and requested payment of the $5,000. She had no knowledge of a by-law which enacted that the face value of the certificate should be paid only so long as the emergency fund was not exhausted. The officer or cashier of the defendant when she made the request for payment then informed her that the Order had adopted a resolution that no member should be paid more than $2,000 and that from this sum there was to be deducted five per cent, or $100, leaving to be paid to her only $1,900, and that she would have to take that or nothing. Relying on the officer's representation that this was all she was entitled to, she accepted the $1,900 and surrendered her certificate for cancelation. About one year after the surrender of the certificate she first learned of the adoption of the by-law; she then demanded a return of the certificate, the payment of the face of it less the sum of $1,900 already paid. This was refused. Thereupon on these facts she filed this bill praying that, first, defendant be ordered to return to her the benefit certificate, second, that the contract be reinstated for $5,000 with a credit for the payment already made to her, third, that defendant make discovery of the condition of the emergency fund, fourth, that defendant be directed to pay to her the full sum of $5,000, with interest, less the credit of $1,900. To this bill defendant demurred, for the reasons, first, that plaintiff had an adequate remedy at law, second, that no fraud or confidential relation was shown. The court below sustained the demurrer and dismissed plaintiff's bill; from that decree she appeals.

The learned judge of the court below was of opinion that plaintiff, on the face of her bill disclosed that she had a full, complete and adequate remedy at law; we do not think so. That she had a remedy at law may be conceded, without barring her in equity ; that remedy may have been inadequate. The defendant sustained a relation towards its members other than that of a mere life insurance company. See the very full opinion of Justice CLARK, Commonwealth v. Equitable Beneficial As-

sociation, 137 Pa. 412. He says: " The great underlying purpose of the organization is not to indemnify or secure against loss ; its design is to accumulate a fund from the contributions of its members for beneficial or protective purposes to be used in their own aid or relief in the misfortunes of sickness, injury or death." He then goes on to show that the fund thus raised is practically a trust fund made up of the contributions of the members ; it is in no sense a corporation for profit although the particular amount to which any one member is entitled rests on an express contract. This charter declares that its purpose is to unite its members fraternally, to give them moral and material aid, to establish a fund for the relief of the sick and distressed, to establish a benefit fund out of which on the death of a member a sum not exceeding $5,000 shall be paid to the family, orphans, or those dependent on the deceased member. When this widow called upon the officer and requested payment of her certificate of $5,000, she was met by the answer that she was only entitled to $1,900. When she sought an explanation, she was told to " take that or nothing."

It seems to us, the widow of a deceased member of a society with such high sounding purposes had a right to expect a more satisfactory explanation why her certificate was reduced from $5,000 to less than $2,000. She could not get even that unless she surrendered her certificate for cancelation. Under the stress of circumstances she surrendered it; afterwards she discovered, as she believed, that she was entitled to the face of it without deduction. To what extent this case is controlled, if at all, by Becker v. Berlin Beneficial Society, 144 Pa. 232, and Marshall v. Pilots Association, 206 Pa. 182, we cannot, at this stage in the evidence, undertake to determine. The Order, however, now sets up a bar to her claim, which in substance is a plea of " accord and satisfaction " in that she surrendered her certificate for cancelation. We have no hesitation in holding that her relation with the Order entitled her to the fullest explanation of the reason for its refusal to pay the certificate. She was not dealing at arms' length with a corporation but seeking payment for the amount of a meritorious claim. Of the extent of her claim and the justice of her demand the fraternal order had in its exclusive possession full and exact knowledge but it communicated no item of that knowledge to

her; her certificate was, in effect, extorted from her by the curt reply, "Take that or nothing." She put in the Order's possession the sole evidence of her claim. Her suit at law must be based upon that certificate, yet the Order persists in retaining possession of it.

True, she might declare upon it as a lost instrument, or as one which had been unlawfully obtained from her, and give secondary evidence of its contents, but there is a much shorter and more certain way of obtaining it and the money really due her, and that is, by the method she has pursued, calling upon the Order at the foot of a bill in equity to produce it, and submit to such decree as equity may impose. The demurrer filed by defendant discloses that it avers the certificate was delivered up to be canceled; if canceled, then at law she would have to show by the books of defendant that the cancelation was unlawful; the books and documents bearing on the question are all in the possession of defendant; this to her would be a most vexatious and inconvenient burden and one that ought not to be imposed upon her.

Consider the pleadings of record: she claims $5,000, the face of her certificate; defendant answers by averring the resolution of August 1, 1900, of the Supreme Council, that $2,000 shall be the highest amount paid on the death of a member; she replies that neither she nor her husband is bound by it, because, as to this certificate, the resolution was adopted eleven years and five months after its delivery without the knowledge or consent of her husband; that at the date of its delivery her husband paid an assessment as if upon a certificate of $5,000 and continued said payments until his death; that the resolution which it is claimed reduces the amount, even if it had been authorized, involves a full examination of the books and records of the Order to determine the exact condition of what is called " the emergency fund." We think, taking into view the relations of the parties, even though the Order be not technically a trustee for the widow, as well as the nature of the inquiry that may have to be made into records the remedy at law would not have been an adequate one, and that a bill in equity is a more appropriate remedy and best adapted to the inquiry. Says 107 Pa. 14, Bierbower's Appeal: " Granted that an action of assumpsit would lie, it does not therefore fol-

low that the chancery side of the court has no jurisdiction. Jurisdiction in equity depends not so much on the want of a common-law remedy as upon its inadequacy, and its exercise often rests in the discretion of the court; in other words the court may take upon itself to say, whether the common-law remedy is under all the circumstances and in view of the conduct of the parties sufficient for the purpose of complete justice."

Therefore the decree of the court below sustaining the demurrer and dismissing the bill is reversed; it is ordered that the bill be reinstated and defendant is ordered to answer over and it is further ordered that the parties proceed to hearing on the issue.