## AUSTIN MACHINERY CO. OF VIRGINIA v. CONSOLIDATION COAL CO.

### No. 5972.

Circuit Court of Appeals, Sixth Circuit.

Dec. 12, 1933.

Glenwood C. Fuller, of Grand Rapids, Mich. (Waring, Walker & Cox, of Memphis, Tenn., on the brief), for appellant Austin Machinery Corporation.

Joseph S. Graydon, of Cincinnati, Ohio (Maxwell & Ramsey, of Cincinnati, Ohio, Metcalf, Metcalf & Apperson, of Memphis, Tenn., Milbank, Tweed, Hope & Webb, of New York City, Wm. P. Metcalf, of Memphis, Tenn., and Arthur A. Gammell and Charles D. Kyle, both of New York City, on the brief), for appellee Consolidation Coal Co.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

Appeal by Austin Machinery Corporation of Michigan from an order dismissing its intervening petition filed in the case of Austin Machinery Corporation of Virginia for the use of Metropolitan Trust Company, Chatham-Phœnix National Bank & Trust Company, and Consolidation Coal Company, assignees, against National Surety Company, being No. 3041 on the law docket of the District Court for the Western District of Tennessee.

The District Court dismissed the petition for lack of jurisdiction to entertain it. We think the order was correct. The matters leading up to the petition, the basis upon which it was filed, and the relief it sought are set forth in the decision this day announced in Austin Machinery Corporation of Michigan v. Consolidation Coal Company (C. C. A.) 67 F.(2d) 771.

Cause No. 3041 was a lawsuit and the District Court had no general jurisdiction to entertain the intervening petition as a proceeding in that court. McKemy v. Supreme Lodge A. O. U. W., 180 F. 961, 965 (C. C. A. 6). If the court could have considered the petition at all, it derived the authority from the Conformity Act. Rev. St. § 914, title 28, U. S. C. § 724 (28 USCA § 724). We have been cited to no statute authorizing such petition in law causes in the courts of record of Tennessee and have found none.

The statutes cited in the briefs are inapplicable. Shannon's Code, § 4568 (Code of Tenn., § 8693), deals only with revival of actions which would otherwise abate. Shannon's Code, § 4589 (Code of Tenn., § 8713), deals with amendments to actions. Shannon's Code, § 4496 (Code of Tenn., § 8623), provides for the allowance of a new party defendant in an action for the recovery of specific property; and Shannon's Code, § 4498 (Code of Tenn., § 8625), provides for the substitution of a defendant in the place of a levying officer.

Independent of the Tennessee statutes no rule of practice or mode of proceeding in the law courts of Tennessee is pointed out which

authorizes intervention upon the basis and for the purpose set forth in appellant's petition.

It is urged that the petition should have been entertained and that thereupon law cause No. 3041 should have been transferred to the equity side; but cause No. 3041 as it stood presented no equitable characteristics and the course suggested would not only have disregarded the state practice as to intervention but would have permitted a stranger to convert a law cause into an entirely new suit in equity, wherein the petition would have lost the feature of intervention altogether and would have served as an original bill in equity.

The order of the District Court is therefore affirmed.