HEPSEBETH FENTON *vs.* THOMAS LORD & others.

Suffolk. March 5. — 10, 1880. ENDICOTT & SOULE, JJ., absent.

A deed conveyed land to A., B. and C. in the following proportions. namely, one half to A. and the other half to B. and C., and the habendum was in the same form. The deed also stated that the land was subject to a mortgage which "the said grantees are to assume and pay." *Held*, that the grantees were tenants in common, and were jointly liable for breach of this agreement.

If A. conveys to B. land which is subject to a mortgage to C., which B. agrees to assume and pay, and the land is sold, under a power contained in the mortgage, for breach of condition, and A. becomes the purchaser for a sum less than the amount of the mortgage debt, this does not satisfy or extinguish the whole of that debt; and, if A. refuses to complete his purchase, B. is still liable to him upon the promise to pay the mortgage, at least for the surplus remaining after deducting the amount which A. agreed to pay at the sale.

If a deed of land, subject to a mortgage which the grantee assumes and agrees to pay, is executed by a husband and wife as grantors, the promise implied by law from the acceptance of the deed is to both, and an action for breach of the promise should be brought in the name of both, although the wife alone signed the mortgage note, and the husband joined "to give validity" thereto. But if, in an action by the wife alone, the merits of the case have been fully tried, she will be allowed to amend, after verdict in her favor, by joining her husband, taking no costs since the trial.

CONTRACT against Thomas Lord, Horace L. Cilley, and Martin W. Stimson. Writ dated July 23, 1878, returnable to the Superior Court.

The plaintiff in her declaration alleged that, on July 7, 1873, she executed and delivered to the defendants a deed, for the consideration as therein expressed of $25,000, of certain land in Boston, (being the same which had been conveyed to her on

May 17, 1873, by George W. Torrey,) in which deed it was stipulated that "this conveyance is made subject to a mortgage for $16,400 given by said Hepsebeth to said Torrey, dated May 17, 1873, and recorded with Suffolk deeds, lib. 1159, fol. 213, which mortgage the said grantees are to assume and pay, the said mortgage forming part of the above-named consideration;" that the defendants accepted this deed, and entered into possession of the land under the same, and thereby became bound and promised to pay the mortgage debt, but had not done so, although the same has long since become due and payable, and they had been requested to pay it; and that the defendants owed the plaintiff the sum of $16,400 and interest.

The defendant Lord demurred to the declaration as insufficient in law to support the action. The Superior Court overruled the demurrer, and gave judgment thereon against the defendant Lord for $5775.80; and he appealed to this court.

The other defendants answered, denying all the allegations in the declaration, and setting up that, on February 15, 1879, the land was sold by public auction pursuant to a power contained in the mortgage to Torrey, and that at such sale the plaintiff became the purchaser for the sum of $11,600 and the additional sum of $196.12 for outstanding taxes, and signed and delivered to the auctioneer a contract to purchase the land at that price, and to pay $500 thereof immediately and the balance within ten days afterwards, but had paid only $375, and had refused to complete the purchase and fulfil her contract; and that the defendants, if previously liable, were thereupon released from the liability charged against them in the declaration.

At the trial upon this answer, before *Aldrich,* J., without a jury, it appeared that the deed to the defendants was executed by the plaintiff and her husband; began as follows: " Know all men by these presents that we, Thomas W. Fenton and Hepsebeth Fenton his wife in her right, of Medford in the county of Middlesex and Commonwealth of Massachusetts, in consideration of twenty-five thousand dollars to said Hepsebeth paid by Thomas Lord, Horace L. Cilley and Martin W. Stimson, all of Boston in the county of Suffolk and said Commonwealth, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell and convey unto the said Thomas Lord, Horace L.

Cilley and Martin W. Stimson, in the proportions following, to wit, to the said Thomas Lord and his heirs and assigns one undivided half part, and to the said Horace L. Cilley and Martin W. Stimson and their heirs and assigns one undivided half part of a certain parcel of land;" contained a description of the land; the stipulations set forth in the declaration; an habendum one undivided half part to Lord, his heirs and assigns, and the other undivided half part to Cilley and Stimson, their heirs and assigns; and covenants of both grantors that the plaintiff was seised in fee, that the premises were free from incumbrances, that the grantors had good right to convey, and of general warranty except against the mortgage aforesaid; and concluded as follows: "In witness whereof we the said Thomas W. Fenton and Hepsebeth Fenton hereunto set our hands and seals this seventh day of July in the year one thousand eight hundred and seventy-three."

It also appeared that the mortgage was from the plaintiff only as grantor, her husband merely joining therein to give validity to the same; that the mortgage note was signed by her alone, and for her own debt of $16,400 to the mortgagee; and that the facts as to the sale under the power, and the purchase and contract of the plaintiff, were as set up in the answer.

The defendants Cilley and Stimson asked the judge to rule, "First, that the plaintiff should not have sued alone, but together with Thomas W. Fenton. Second, that the plaintiff had failed to prove the promise as alleged in the writ and declaration, the deed showing the promise to have been made to the plaintiff together with Thomas W. Fenton. Third, that the defendants were wrongly joined in the action with Lord, their promise to pay, if any there was, being not joint with him, but several. Fourth, that in no form of action could the defendants Cilley and Stimson be held for more than one half of the liabilities of the grantees in said deed. Fifth, that the acts of the plaintiff in bidding off and agreeing to buy the property, and breaking that contract, relieved the defendants Cilley and Stimson from all further liability whatsoever under said deed;" and to find for the defendants.

The judge refused to rule or find as requested, and found for the plaintiff against all the defendants for $6131.39, being the amount of the mortgage and interest, less the amount bid by

the plaintiff at said sale; and the defendants Cilley and Stimson alleged exceptions.

*J. P. Treadwell,* for Cilley and Stimson.

*A. B. Wentworth,* for Lord.

*S. J. Thomas,* for the plaintiff.

GRAY, C. J.  The single point argued in support of the demurrer is that the declaration seeks to charge the defendants jointly instead of severally.  But the deed which they have accepted is to them as tenants in common, and the description of the proportions in which they are to take does not affect their joint liability upon their promise therein stated.  The demurrer of the defendant Lord was therefore rightly overruled, and for the same reason the third and fourth rulings requested by the other defendants were rightly refused.

The sale of the land to the plaintiff, under the power contained in the mortgage, for less than the amount of the mortgage debt, did not satisfy or extinguish the whole of that debt. The plaintiff having been held to account for the sum bid by her at that sale, and having been allowed to recover this surplus only, the defendants have not been prejudiced by her neglect to complete the purchase, or by the refusal to give the fifth ruling requested.  *Hood* v. *Adams,* 124 Mass. 481, and *ante,* 207.

The only other objection argued is that stated in the first and second rulings requested, namely, that this action is brought by the plaintiff alone, without joining her husband.  It is true that the deed to the defendants, having been executed by both husband and wife as grantors, conveying his right by the curtesy, as well as her title, the promise implied by law from the acceptance of the deed was to both, and this action should have been brought in the names of both, and not in that of the wife alone. *Mellen* v. *Whipple,* 1 Gray, 317.  *Prentice* v. *Brimhall,* 123 Mass. 291.  But as the merits of the case appear to have been fully tried, the plaintiff should be allowed to amend by joining her husband, taking no costs since the trial.  Gen. Sts. *c.* 129, § 41. *Whitney* v. *Houghton,* 127 Mass. 527, and cases cited.

The proper entry therefore is that, upon such amendment being made in the Superior Court, the demurrer and the exceptions be overruled, and there be

*Judgment for the plaintiffs.*