GEORGE A. DENHAM & others *vs.* GEORGE S. BRYANT
& another.

Suffolk.   Nov. 18, 1884. — March 7, 1885.   FIELD & COLBURN, JJ., absent.

If the answer to a declaration for goods sold and delivered alleges that the goods
    were delivered under a special contract, and sets out the contract, which con-
    tains several stipulations, and further alleges that the plaintiff has failed to
    perform the contract, and that the goods delivered have been paid for, evidence
    that the defendant has been injured by the breach of the contract on the part
    of the plaintiff is inadmissible, if it appears that the goods delivered have not
    been paid for.

If evidence is admitted which constitutes a variance, this court will not grant a
    new trial on account of such variance, if the case has been fully and fairly
    tried, but will permit the pleadings to be amended.

DEVENS, J.   The plaintiffs sue upon the common counts for
goods sold and delivered.   The defendants' answer sets up that
the goods were delivered under a special contract, which is set
out at length, and alleges that the plaintiffs did not carry out
the contract by delivering the goods mentioned in the agree-
ment, and that the defendants have paid all that by said agree-
ment they were bound to pay for such as were delivered.   By the
terms of the contract, the defendants agreed to take of the plain-
tiffs mouldings to the value of not less than $15,000, orders to be
given at not less than $1000 worth per month, and the whole
to be taken by a certain date.   The plaintiffs agreed to receive
as one fifth payment a certain parcel of land in Cambridgeport.

It appeared, at the trial in the Superior Court, that the con-
tract had been actually made as alleged in the answer, and that
the plaintiffs, after a portion of the goods had been delivered,
refused to complete the same, and to take the land which was to
be a partial payment.   The facts found by the auditor as to the
amount of goods delivered by the plaintiffs, and the balance
which had not been paid, were not disputed by the defendants.
They contended that they had suffered damage by reason of the
failure of the plaintiffs to receive the deed of land referred to
in the written agreement, and were permitted to introduce evi-
dence that the market value of the land at the time the agree-
ment was made was less than $3000, (which was the price at
which it would have been allowed for in the contract had that

been completed); and also that they were entitled to receive any difference between $3000 and the market value of the land, as the measure of damages suffered by them by reason of the failure of the plaintiffs to take a deed thereof.

The plaintiffs urged that this evidence was not admissible under the defendants' answer, as it did not there appear that they made any claim that they had suffered damage by reason of the plaintiffs' failure to take a deed of the land. To the ruling that it was admissible, the plaintiffs excepted.

While the defendants' answer alleged payment, that which the defendants really relied upon was an offset, by way of recoupment, to the plaintiffs' bill for goods delivered, of the damages which they had themselves sustained by reason of the plaintiffs' failure fully to complete their contract. A defendant is not compelled to resort to a cross action. *Stacy* v. *Kemp*, 97 Mass. 166. *Clark* v. *Russell*, 110 Mass. 133. If the defendants had sustained damage by reason of the failure to deliver all the goods contracted for, or by refusal of the plaintiffs to accept a deed of the land, at the price named, to an amount equal to the value of the goods received, they could not therefore allege that these had been paid for. Where there has been a failure to perform a contract fully, as to build a house or to deliver goods, but valuable service has been rendered, materials furnished or goods delivered, it is the right of the plaintiff to recover their value, less the damage which has been occasioned to him by breach of the stipulations contained in the contract. *Cullen* v. *Sears*, 112 Mass. 299, and authorities cited. But that a defendant may entitle himself to such damages, he must state what stipulations have been violated, and how damage has been thus occasioned. He cannot properly allege that he has fully paid for that he has received, when he is only entitled to recoup against this value the damages which he has sustained by reason of a violation of the contract in other particulars. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541. *Wheaton* v. *Nelson*, 11 Gray, 15. *Canfield* v. *Miller*, 13 Gray, 274.

In this case, the defendants rely upon substantive facts wholly or partially in avoidance of the plaintiffs' claim, and these should be set forth distinctly. Pub. Sts. c. 167, § 20. The failure to deliver all the goods contracted for, which is averred in the

answer, does not convey the information that the defendants rely, in answer to the action, upon the fact that they have thereby been prevented from selling the tract of land which was to be received in partial payment at the price contracted for. Nor is this so, even if the answer refers to, and incorporates, the written contract. There is no allegation that the price there named is above the real value of the land.

We are therefore of opinion that the learned judge who presided erred in ruling this evidence to be admissible under the pleadings as they stood.

But while this is so, it appears to us that the merits of this case have been fully and fairly tried. Where this appears, and where there is a variance between the declaration and proof, it has been properly held that the plaintiff may be allowed, even after verdict, to amend his declaration on terms. *Keller* v. *Webb*, 126 Mass. 393. *Whitney* v. *Houghton*, 127 Mass. 527. *Fenton* v. *Lord*, 128 Mass. 466. By the auditor's report, which the plaintiffs put in evidence, it was shown that they and their assignee refused to complete this contract or take this land. They asked no continuance of the cause on the ground of any surprise. We think, therefore, that the defendants should now be allowed to amend their answer, on such terms as appear just to the Superior Court; and, on filing such amendment, the entry will be,                                        *Exceptions overruled.*

*E. S. Mansfield*, for the plaintiffs.

*W. W. Blackmar & H. N. Sheldon*, for the defendants.