CAMPBELL AND ZELL COMPANY, plaintiff by amendment, *vs.* BARR PUMPING ENGINE COMPANY.

Essex.    November 5, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Practice, Civil*, New trial. *Jurisdiction.*

If after a verdict for the plaintiff in an action brought by the receiver of a foreign corporation, and after exceptions have been sustained, the writ and declaration are amended by the substitution of the name of the corporation for that of the receiver, and it appears that the amendment has not changed the issue tried or any question of evidence raised at the trial and there are no good grounds for a new trial, judgment may be ordered on the verdict.

Where in an action originally brought by the receiver of a corporation, in which the defendant appeared generally, the writ and declaration are amended by substituting the name of the corporation for that of the receiver, the defendant cannot raise the objection that the defendant is a foreign corporation with no usual place of business in the county and that the trustee has been discharged by a bond which runs in favor of the original plaintiff. The court having acquired jurisdiction over the defendant by the original attachment and the general appearance, the allowance of the amendment effects no change in the jurisdiction.

BARKER, J. Since the decision reported in *Homer* v. *Barr Pumping Engine Co.* 180 Mass. 163, amendments have been allowed substituting the corporation itself for the receiver as the party plaintiff and judgment on the verdict for the plaintiff has been ordered and entered. The case is now here upon the defendant's appeals from orders disallowing motions to dismiss the action and for an indorser for costs, and from the order for judgment and from the judgment.

No question is raised as to the power of the court to allow the amendments. The principal question is whether after the substitution of the corporation as party plaintiff the court below could order judgment on the verdict. In the former decision this court held that there was no other error at the trial than that of allowing the action to be maintained in the name of the receiver. In the court below, upon the hearing of the motion for judgment it was found that from the time of the appointment of the receiver he was the only person who could bind the corporation, that the amendment had not changed the issue tried or any question of evidence raised at the trial, and that the case had been fully and fairly tried upon the merits and that there were no good grounds for a new trial.

These circumstances are conclusive of the right of the court below to order and enter judgment upon the verdict, notwithstanding the change in parties. *Fenton* v. *Lord*, 128 Mass. 466, 469. *Denham* v. *Bryant*, 139 Mass. 110, 112. See also *Kendall* v. *Carland*, 5 Cush. 74 ; *Cleaves* v. *Lord*, 3 Gray, 66, 71, 72 ; *Stone* v. *White*, 8 Gray, 589, 595 ; *Bannon* v. *Angier*, 2 Allen, 128 ; *Colton* v. *King*, 2 Allen, 317, 319, 320 ; *Peck* v. *Waters*, 104 Mass. 345, 351 ; *Sewall* v. *Sullivan*, 108 Mass. 355 ; *Horne* v. *Meakin*, 115 Mass. 326, 330 ; *Keller* v. *Webb*, 126 Mass. 393 ; *Whitney* v. *Houghton*, 127 Mass. 527, 529.

If in fact the defendant wished to contend that it had some defence not open at the former trial it should have disclosed that contention at the hearing on the motion for judgment and have supported it by proof and have saved its rights by suitable requests for rulings and findings.

One ground of the motion to dismiss is that the amendments were not effective to substitute the corporation for the receiver as plaintiff. It is true that the motion for leave to amend was

not accurately drawn, but upon making the changes in the writ and declaration allowed by the granting of the motion it sufficiently appears that the suit is by the corporation itself as plaintiff. The remaining contention in support of the motion to dismiss is that at the time of the hearing upon the motion the court had no jurisdiction of the defendant because it was a foreign corporation with no usual place of business in the county, and that the trustee had been discharged by bond which ran in favor of the original plaintiff. But the court acquired jurisdiction over the defendant by the original attachment and the general appearance and the allowance of the amendment effected no change in the jurisdiction.

No argument has been addressed to us in support of the appeal from the order disallowing the defendant's motion for an indorser, and we treat that matter as waived. In no event at present could an indorser for costs be of any benefit to the defendant.

*Order of the Superior Court affirmed.*

*J. G. Robinson*, for the defendant.
*B. E. Crowell*, for the plaintiff.