## WILLIAM A. FAY *vs.* JOHN J. WALSH & others.

Essex. November 10, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Partnership. Witness. Agency. Practice, Civil.*

In an action against the members of an alleged partnership of three persons for the price of lumber used in building an open air theatre, where the first defendant was defaulted and the case was defended by the second and third defendants on the ground that they were not partners of the first defendant, it appeared that the first defendant in the presence of the second defendant had ordered from the plaintiff lumber which had been paid for, that later the first and second defendants ordered more lumber which the plaintiff refused to sell on credit, a balance being due him on a previous order, that the first defendant then said that the next day he would have some one down to pay for the lumber and the balance of the old account, that the next day the second and third defendants came to the plaintiff's office and the second defendant introduced the third defendant "as the moneyed man of the concern," that the second defendant at the request of the third defendant then stepped out, and thereupon the third defendant asked the plaintiff how much the bill was and paid it, and on the plaintiff saying that he did not feel like sending any more lumber "down there" the third defendant told him that he was a man of means and that "he was in the concern," and "as to sending goods down there everything would be all right and the bills would be paid," and that he wanted the bills made out to the first defendant. The action was for the price of lumber supplied on the faith of this statement, the bill having been made out to the first

defendant. No objection was made at the trial in behalf of the second defendant to the evidence of what was said after he stepped out of the office. The judge refused to rule that there was no evidence of partnership. He instructed the jury that the second defendant was not bound by the conversation unless they should find that he went there and introduced the third defendant as the financial man of the concern, and that this was done ·for the purpose of getting credit, and if the jury so should find, they then might take into consideration the other evidence with that of the introduction in determining whether the second defendant was a partner to the scheme, and, if he was, might find against him and all the defendants. *Held*, that the rulings were correct. *Held, also,* that the fact that the bill was made out to the first defendant did not prevent recovery against the other defendants, if the bill was made out in this way at the request of the third defendant and he was acting for the second defendant as well as for himself in making the request.

A plaintiff, testifying as to the amount of an order for materials furnished by him to the defendant, may be allowed to refresh his recollection from entries made in an account book by his bookkeeper.

One who sells goods or materials acting as the agent for another, and sends the bill on paper with a heading giving the name of his principal and his own name as agent, cannot maintain an action for the price of the goods or materials in his own name. The action must be brought in the name of the disclosed principal.

Where in an action for goods sold and delivered or materials furnished, brought by an agent who acted in the transaction for a disclosed principal, the presiding judge in the Superior Court refuses to order a verdict for the defendant, without the defendant calling his attention to the fact that the action ought to have been brought in the name of the principal, and the plaintiff obtains a verdict, on exceptions to this ruling alleged by the defendant this court may order that the exceptions be sustained unless the plaintiff is allowed by the Superior Court, after hearing the defendant, to amend his writ and declaration by substituting the principal as plaintiff and the plaintiff does so amend, and may order that if such an amendment is allowed and made the exceptions shall be overruled.

LORING, J. This is an action brought to recover $225.33 for lumber, used in building an open air theatre at Nahant, which the plaintiff alleged was sold by him to the defendants Walsh, Howard and Fletcher, jointly, on July 1, 2 and 3, 1901. The defendant Walsh was defaulted, and the case was defended by Fletcher and Howard. At the conclusion of the evidence the defendants Fletcher and Howard requested the judge to rule that the defendants were entitled to a verdict and that there was no evidence of a partnership. These rulings were refused, and the case is here on exceptions " to the judge's refusal to rule as requested and to his rulings inconsistent therewith," and to certain rulings on evidence stated in the opinion.

1. We think that there was evidence that these two defendants were liable with Walsh as partners.

The plaintiff testified that, before his first interview with the defendant Fletcher, Walsh had ordered lumber in Howard's presence, which had been paid for, and that on the day before this first interview Walsh and Howard had ordered some lumber which he refused to sell on credit, a balance being due him on a previous order; that Walsh thereupon said that he would have some one down to pay for the lumber ordered and the balance on the old account the next day. The next day he, the plaintiff, found Howard and Fletcher at his office when he came in about noon, and Howard introduced Fletcher "as the moneyed man of the concern." Howard then stepped out on being asked to do so by Fletcher, and after Howard had gone Fletcher asked how much the bill was, and he, Fletcher, paid it. The plaintiff testified that he told Fletcher before Fletcher paid the bill that he did not feel like sending any more lumber " down there," and Fletcher told him that he, Fletcher, was a man of means; that " he was in the concern," and " as to sending goods down there he said everything would be all right and the bills would be paid," and he wanted the bill made out to Walsh. The lumber here in question was subsequently supplied on the faith of this statement.

If Howard was bound by what was said by Fletcher after he stepped out of the room leaving Fletcher and the plaintiff by themselves, this was sufficient evidence against both Fletcher and Howard. No objection in behalf of Howard was made to the introduction of this evidence at the trial. The judge instructed the jury that " Howard is not bound by that conversation except you find this was a scheme to get this lumber, and that he was a party to it, and except you find he went up there and introduced him as the financial man of the concern, and that was done for the very purpose of getting credit. If you find that, then you may take the other evidence with that introduction in determining whether Howard was a partner to that scheme, as claimed by the plaintiff, and if he was, then you may find against him and all."

This exception must be overruled.

2. The fact that the bill was made out to Walsh was not fatal, there being evidence that this was done at Fletcher's request. *James* v. *Spaulding*, 4 Gray, 451. Under the instructions of the

judge the jury must have found that Fletcher was acting for Howard in making this request.

3. The plaintiff could be allowed to refresh his recollection by a memorandum made by another.* *Commonwealth* v. *Burton,* 183 Mass. 461. *Commonwealth* v. *Ford,* 130 Mass. 64.

4. No exception was taken to the admission of the leading questions objected to by the defendants.

5. The plaintiff testified that " the bills were made out on the bill heads of James Fairfield on which was printed ' William A. Fay, Agent,' " and that " at the time of the sale of the lumber in question, he was selling lumber for James Fairfield; that he was acting as James Fairfield's agent in selling the lumber in question."

The defendants have contended that this action ought to have been brought in the name of Fairfield, and for that reason the first ruling requested by them, asking for a verdict for the defendants, should have been granted. It is plain that the action should have been brought in Fairfield's name, *Borrowscale* v. *Bosworth,* 99 Mass. 378, and this ruling should have been given.

So far as appears this objection is purely technical. It is one which could have been avoided by amendment had it been called to the attention of the judge. Had the defendants told the judge that the reason they asked for a verdict as matter of law was that the action was brought by the wrong person, the judge in his discretion could have allowed an amendment substituting Fairfield for Fay. *Costelo* v. *Crowell,* 134 Mass. 280. More than that, such an amendment can be allowed now after verdict. *Campbell & Zell Co.* v. *Barr Pumping Engine Co.* 182 Mass. 304. *Hayward* v. *Leeson,* 176 Mass. 310, at pp. 324, 326. See also *Fenton* v. *Lord,* 128 Mass. 466.

There are precedents in similar cases for making an entry in this court of " Exceptions overruled," upon the proper amendment being made in the Superior Court. *Keller* v. *Webb,* 126 Mass. 393. *Fenton* v. *Lord,* 128 Mass. 466. *Denham* v. *Bryant,* 139 Mass. 110. In the case of *Peck* v. *Waters,* 104

---

* The plaintiff, against the defendant's exception, was allowed to refresh his recollection as to the amount of the first order for lumber by inspecting the entries made in an account book by his bookkeeper in the regular course of her work, she not being present in court.

Mass. 345, this court, in a similar case, sustained the exceptions for the sole purpose of having such amendment made in the Superior Court. It is plain that the statement made in *Whitney* v. *Houghton*, 127 Mass. 527, that this court has power to allow such an amendment is erroneous. To the same effect see *Stone* v. *White*, 8 Gray, 589.

It may be that the defendants' rights would be affected by the substitution of Fairfield for Fay as plaintiff, and for that reason they should have an opportunity to be heard on the allowance of such an amendment.

Unless such an amendment is allowed and made in the Superior Court the exceptions will be sustained. If such an amendment is allowed and made the exceptions will be overruled.

*So ordered.*

*W. H. Brown*, for the defendants Fletcher and Howard, submitted a brief.

*R. L. Sisk*, for the plaintiff.