MARY LEMAY *vs.* SPRINGFIELD STREET RAILWAY COMPANY.

TWILLA LEMAY *vs.* SAME.

PHILLINESE RATELLE *vs.* SAME.

Hampden.    October 3, 1911. — October 16, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence. Street Railway. Pleading, Civil,* Declaration. *Practice, Civil,* Exceptions, Amendment.

In an action against a street railway corporation by a passenger alleged to have been thrown from a car of the defendant by reason of its excessive speed in going around a sharp curve of the track, if it appears that when the car was approaching the curve and was near it the air brake failed to work and that the motorman did not use a hand brake which he might have used but tried unsuccessfully to stop the car by reversing the power, although allowance must be made for the motorman being compelled to act immediately, the sudden emergency does not necessarily excuse his error of judgment, and the question to be determined by the jury is whether, when confronted with unexpected peril, he acted with proper diligence under the circumstances then existing and with the light he then had.

In an action against a street railway corporation for personal injuries from being thrown from a car of the defendant at a sharp curve of the track, the only allegation of the defendant's negligence contained in the declaration was that the defendant had " so carelessly, negligently and recklessly operated" its car as to cause it to approach and go around the curve at a very high and dangerous rate of speed, causing the injuries complained of. There was evidence that when the car approached the curve the air brake of the car failed to work. The defendant asked the judge to rule that the plaintiff could not recover for any defect in the car causing the accident or for a failure to inspect the car, and excepted to a refusal of the judge to make these rulings. The bill of exceptions, allowed after a verdict for the plaintiff, indicated that the defendant was heard fully upon the questions of its liability for a defect in the car or for a failure to inspect it properly, and that the case was submitted to the jury fairly upon those issues as well as upon the issue raised by the pleadings. *Held,* that as the declaration stood at the trial the instructions requested by the defendant should have been given, but, as upon a proper declaration the defendant would have been liable if the accident was caused by a defect in the car which by proper inspection might have been discovered and remedied, and as the case appeared to have been submitted to the jury fairly on this question, an amendment of the declaration so as to present this issue would cure the error without resorting to a new trial which justice did not require, and accordingly it was *ordered,* that, if the plaintiff should be allowed by the Superior Court within sixty days from the filing of the rescript to amend his declaration in the manner indicated, the defendant's exceptions were to be overruled; otherwise, that they must be sustained.

THREE ACTIONS OF TORT for personal injuries sustained on August 10, 1909, by being thrown from an open electric car of the defendant in which the plaintiffs were being transported as passengers. Writs dated September 16, 1909.

The declaration in each of the three cases was the same, and was as follows:

" And the plaintiff says that the defendant was on or about the tenth day of August, 1909, and now is a corporation operating a street railway between the cities of Springfield and Chicopee in said county and that on said day she was a passenger on one of the defendant's street cars en route from Springfield to Chicopee; that it thereupon became and was the duty of the defendant to carry her safely to her destination on its route and then to permit her to leave said car in safety; yet the defendant by its servants, agents and employees, wholly regardless of said duty, so carelessly, negligently and recklessly operated said car as to cause the same to approach and go around the curve of its track at the corner of Grape and Front streets in said Chicopee at a very high and dangerous rate of speed, causing said car to jolt and sway with the greatest violence and throwing the plaintiff who was seated therein, and who herself was using due care, with violence to the ground, that as a result the plaintiff was severely and permanently injured and has suffered and is still suffering great pain of mind and has sustained other damage."

In each case the answer was a general denial.

In the Superior Court the cases were tried together before *Crosby*, J. It appeared that the accident happened at about nine o'clock in the evening; that the car was late about four minutes; that it was equipped with an air brake and a hand or emergency brake; and that connected with the air brake at each end of the car was a pressure gauge.

Evidence was introduced by the plaintiffs which tended to show that the car on which the plaintiffs were passengers had been running very fast along Springfield Street before reaching Grape Street; that while running down the grade on Grape Street it attained a very high rate of speed and rocked and swayed with much violence; that it made no stop on Grape Street; that while approaching a curve at the foot of the grade

on Grape Street and turning into Front Street it was running at a rate of speed variously estimated at from twenty-five to forty miles an hour; that it rounded the curve while moving at a very rapid rate, about twenty miles an hour; that there was a violent lunge of the car as it entered the curve and that the three plaintiffs were thrown to the ground; and that the car rocked and swayed in such a manner as to cause various passengers to become alarmed and to take precautions for their safety. The conductor of the car testified that as the car entered the curve a passenger was thrown up against him as he stood on the back platform, and that this passenger lost his hat. It also appeared that other passengers were thrown about, retaining their positions with great difficulty, and that in some cases their hold on the uprights and seats of the car was loosened. The evidence of the plaintiffs further tended to show that as the car rounded the curve the trolley left the wire and that the car proceeded on to and down Front Street, not stopping until its rear end was at a distance from the curve variously estimated at from eighty to one hundred and fifty feet. It also appeared that the motorman, immediately after the car had stopped, stated that he could not control the car, that the air brake would not work.

A rule of the defendant was introduced in evidence by the plaintiffs which read as follows: "Never run into a sharp curve at a greater speed than four miles per hour. Slacken speed of car when approaching curve so as to enter same with brakes released."

There was no dispute upon the part of the witnesses called by the defendant but that the plaintiffs were thrown from the car; and witnesses called by the defendant estimated that the rate of speed at which the car approached the curve was from eight to twelve miles an hour. Expert witnesses called by the defendant gave it as their opinion that it would be impossible for such a car as was described in this case to take this particular curve at a rate of speed in excess of eight miles an hour and remain upon the track. The evidence showed that the defendant's car at no time left the rail.

Other evidence introduced upon the part of the defendant tended to show that the air brake apparatus gave way without premonition or warning to the motorman; that he endeavored to use the air brake at a distance of about one hundred and fifty feet

from the curve and while running down grade at a rate of from ten to fifteen miles an hour; that the first application checked somewhat the speed of the car; that the second application disclosed to him that the brake utterly failed to work; that he was then at a distance of from ten to twenty feet from the curve at Grape and Front streets and that he reversed his car; that he did not use the hand or emergency brake which after the accident was found to be in good condition; and that the car came to a stop on Grape Street with the rear trucks just leaving the curve into Front Street. Evidence, also introduced by the defendant, tended to show that there had been an inspection of the car the evening before this accident and that this inspection had failed to show any defect in the air brake apparatus or in the wiring of the car, and that the failure of the brake to work was caused by a sudden and unforeseen breaking of the wire transmitting power to the motor which operated the air pump.

At the close of the evidence the defendant made twenty-six requests for rulings, which included the following:

" 18. If you should find that the air brake on this car of the defendant failed to work, without premonition or warning to the motorman, and at a time when he was closely approaching a sharp curve in the defendant's tracks, so that he was confronted with unexpected peril, then it is immaterial whether the hand brake was used by him or not, if he used a reasonably proper method for checking the speed of the car."

" 25. The plaintiff cannot recover for any defect in the car causing the accident.

" 26. The plaintiff cannot recover for failure to inspect the car."

The judge refused to make these rulings, and submitted the case to the jury with instructions which permitted them to find negligence of the defendant, not only in the manner of the operation of the car, but also in operating the car with a defective air brake and in a failure to inspect the car properly.

The jury returned a verdict for the plaintiff in each of the cases; and the defendant alleged exceptions.

The cases were submitted on briefs.

*H. W. Ely & J. B. Ely,* for the defendant.

*D. E. Leary, E. W. Beattie, Jr., & G. D. Cummings,* for the plaintiffs.

SHELDON, J.   The defendant's eighteenth request could not have been given as framed.   It would have excluded from consideration by the jury the question of the motorman's negligence in approaching a sharp curve at an excessive and dangerous rate of speed before he had discovered the failure of his air-brake, and the question whether, if he was confronted with unexpected peril, he acted with proper diligence under the circumstances then existing and with the light that he then had.   It is true that allowance must be made for one compelled to act immediately, without opportunity for deliberation, upon a sudden emergency. But this does not mean that he is necessarily excused for any error of judgment, but simply that his conduct is to be judged in view of the exigency and the need of immediate action.   He is still bound to use the same degree of care to which he is ordinarily held; but due allowance must be made for the situation in which he is placed, and he is not to be held to a coolness of judgment for which there is not time.   *Linnehan* v. *Sampson,* 126 Mass. 506, 511, 512.   *Cody* v. *New York & New England Railroad,* 151 Mass. 462, 468.   *Tozier* v. *Haverhill & Amesbury Street Railway,* 187 Mass. 179.   *O'Brien* v. *Lexington & Boston Street Railway,* 205 Mass. 182, 184.   This is the rule stated in *Brooks* v. *Petersham,* 16 Gray, 181, 184; and we know of nothing in our decisions to the contrary.   While a choice, though mistaken, may yet be prudent (*Kane* v. *Worcester Consolidated Street Railway,* 182 Mass. 201), this must be determined by the jury and not by the court.   The instructions given to the jury upon this question were accurate and sufficient.

But the twenty-fifth and twenty-sixth requests should have been given; for although the defendant would have been liable upon a proper declaration if the accident was caused by any defect in its car which might have been discovered and remedied by proper inspection, yet the declarations in these cases averred merely that the accident was caused by the fact that the defendant had " so carelessly, negligently and recklessly operated " its car as to cause it to approach and go around the curve at a very high and dangerous rate of speed, causing the injuries complained of.   This plainly charged only the negligent operation of the car, and not negligence in using a defective or poorly equipped car.   The plaintiffs were allowed to recover, and the

verdicts in their favor may have been found, upon an issue which was not open under the pleadings, and which the defendant seasonably requested to have withdrawn from the jury. *Lund* v. *Tyngsboro*, 11 Cush. 563, 567, *et seq.* *Hanlon* v. *South Boston Horse Railroad*, 129 Mass. 310. *James* v. *Boston Elevated Railway*, 201 Mass. 263.

But the bill of exceptions seems to indicate that the defendant was fully heard upon this question, and it was fairly submitted to the jury. It follows that if the plaintiffs' declarations shall be amended so as to present this issue, justice does not demand a new trial. *Denham* v. *Bryant*, 139 Mass. 110, 112, and cases cited. *Peck* v. *Waters*, 104 Mass. 345, 351. *Fay* v. *Walsh*, 190 Mass. 374, 377. *Beers* v. *McGinnis*, 191 Mass. 279, 282.

The other exceptions have not been argued and we treat them as waived.

If the plaintiffs shall be allowed by the Superior Court within sixty days from the filing of the rescript to amend their declarations as has been stated, the exceptions will be overruled; otherwise, they must be sustained.

*So ordered.*