## A. Pizer *vs.* William Hunt & another.

Suffolk.    March 25, 1925. — September 18, 1925.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Sanderson, JJ.

*Practice, Civil,* Arrest of judgment, Amendment of declaration after finding,
    Exceptions. *Pleading, Civil,* Declaration: account annexed. *Stock-
    broker. Contract,* Implied. *Constitutional Law,* Equal protection of the
    law, Due process of law.

A motion in arrest of judgment can be sustained only for substantial errors
    of law apparent on the record.

After an action of contract has been heard upon the merits by a judge
    without a jury; there has been a finding for the plaintiff and, subsequent
    to the finding, the plaintiff has been allowed to amend the declaration
    to conform to findings of subsidiary facts made by the judge upon an
    issue which had been fully heard by him; exceptions by the defendant
    to rulings at the trial and to the ruling allowing the amendment have
    been heard by this court and overruled; and the defendant has moved
    in arrest of judgment and the motion has been denied, the defendant,
    by annexing to the motion in arrest of judgment requests for rulings
    which had been filed by the plaintiff at the trial upon the merits but had
    not been included in the bill of exceptions before this court, cannot
    make such requests a part of the record before this court upon excep-
    tions presented by him to the denial of his motion in arrest of judgment.

A refusal by a stockbroker to deliver on demand to a customer stock, held
    on a margin account and free from any lien or just claim, establishes
    on the part of the stockbroker a duty to pay its fair market value,
    which the customer can enforce by an action of contract with a de-
    claration upon an account annexed.

Where there are two counts in a declaration for the same cause of action,
    one of which is good and one bad, and a general finding or verdict is
    returned, judgment will not be arrested but the finding or verdict may
    be applied to the good count only.

It is proper for a judge who has heard an action of contract in the Superior
    Court, after he has filed a statement of his findings and has found for
    the plaintiff, to allow an amendment to the declaration to make it con-
    form to findings made by him upon issues upon which the defendant
    was fully heard at the trial; and no right of the defendant either under
    the Federal or under the State constitution is involved by such action.

It is proper to deny a motion in arrest of judgment filed by a defendant
    after rescript from this court overruling exceptions saved by him at the
    trial of the action on the merits, if the motion is founded upon a ques-
    tion of law which was fully heard and determined against the defendant
    at the hearing by this court of his exceptions.

Contract, against William Hunt and J. Lucius Ellis,
doing business under the name of Hunt, Ellis and Company,

for a balance alleged to be due to the plaintiff upon an account carried with the defendants as stockbrokers. Writ dated May 9, 1921.

The action was referred to an auditor. Upon the coming in of the auditor's report, it was heard by *Qua*, J., without a jury.

The original declaration is described in the opinion. The judge found that a new contract was made between the plaintiff and the defendants on January 31, 1920, found for the plaintiff in the sum of $4,058.85, and stated: "The plaintiff may, if he desires, move to amend his declaration, by setting up specifically the making of a new contract between the plaintiff and the defendant on January 31." The defendants filed a bill of exceptions to the rulings at the trial. After the filing of the defendants' bill of exceptions and before it was allowed, the plaintiff filed and the judge allowed the amendment to the declaration described in the opinion. The defendants also alleged exceptions to such allowance.

The exceptions above described were before this court and were overruled in a decision reported in 250 Mass. 498. After rescript, the defendants filed the motion in arrest of judgment described in the opinion. The motion was heard by *Lummus*, J. The defendants asked for the following, among other rulings:

"4. If it now appears that the defendants were not given any notice or opportunity to be heard in their defense on the ground of liability pleaded by the plaintiff for the first time in his amended declaration filed and allowed on February 19, 1924, in accordance with the previous suggestion made by Mr. Justice Qua in his Findings and Rulings made and entered under date of May 14, 1923, then in such case the entry of judgment should be now arrested inasmuch as a judgment entered against these defendants without notice or opportunity to be heard on the ground of liability upon which said judgment is based is prohibited by the provisions of due process of law as secured to the defendants by the Fourteenth Amendment to the Federal Constitution.

"5. The Superior Court is a court of record, and the jurisdiction of the said court to now proceed to enter judg-

ment on the plaintiff's amended declaration filed and allowed on February 19, 1924, must affirmatively appear from and by the record itself, as otherwise a judgment entered against the defendants on a ground of liability and on which the record fails to show affirmatively that the defendants were afforded an opportunity to make their defense thereto — contravenes and is repugnant to the provisions of due process of law as secured to the defendants by the Fourteenth Amendment to the Federal Constitution.

"6. The Superior Court acquired no jurisdiction nor authority to make findings and rulings against the defendants based on the ground of liability set forth and pleaded for the first time in the plaintiff's amended declaration until the said amendment was actually allowed by the court on February 19, 1924.

"7. All the particular findings and rulings made and entered by Mr. Justice Qua on May 14, 1923, which are based on the particular grounds of liability set forth and pleaded by the plaintiff for the first time in the amended declaration allowed on February 19, 1924, are illegal and void as depriving the defendants of their property without due process of law in violation of the provisions of due process and the equal protection of the law as secured to these defendants by the Fourteenth Amendment to the Federal Constitution.

"8. Inasmuch as it affirmatively appears by the record itself — that up to the very moment that Mr. Justice Qua made the particular findings and rulings against the defendants which are based upon the ground of liability which was later set forth and pleaded in the amended declaration — that the record itself does not disclose that the defendants had notice or were given any opportunity to be heard in their defense on the ground of liability created against them by the said findings; that in such case the record discloses absence of jurisdiction by Mr. Justice Qua to make any findings on such ground of liability.

"9. Mr. Justice Qua had no authority or jurisdiction either in fact or in law to make any findings or rulings as binding upon the defendants on any ground of liability

which had not been pleaded by the plaintiff up to the time the evidence was closed at the trial and the case had been taken under advisement by said justice for future decision, and all findings and rulings made by the said justice as filed and entered on May 14, 1923, as a result of such trial and which are based upon a separate, distinct and different ground of liability than the ground of liability stated and pleaded by the plaintiff in the declaration upon which the trial proceeded, are illegal and void as depriving these defendants of a hearing and trial without due process of law as secured these defendants by the Fourteenth Amendment to the Federal Constitution.

"10. Under and by virtue of the provisions of Due Process of Law as secured to the defendants by the Fourteenth Amendment to the Federal Constitution, the defendants now claim the right to be permitted to prove in support of their motion in arrest of judgment that no issues were actually litigated between the parties at the trial in the jury waived session, and that no issues were then submitted to Mr. Justice Qua for his determination — except only and solely those issues directly arising out of the ground of liability set forth and pleaded in the declaration on which the trial proceeded before the said justice; and that proof of the above issue may be made not only by production of the pleadings upon which the said trial proceeded, but that said proof may also be made under and by virtue of the provisions of due process of law and the equal protection of the law as secured to these defendants under the Fourteenth Amendment to the Federal Constitution — by the production of the plaintiff's written requests for rulings filed with Mr. Justice Qua at the close of the evidence.

"11. Neither the Superior Court nor the several justices thereof have jurisdiction to enter a judgment or an order for judgment — or to make any findings or rulings against a defendant simply because of the fact that during a trial there was evidence which would warrant the said finding, ruling, or order for or entry of judgment; the jurisdiction of a court in Massachusetts to enter any judgment or order for a judgment against a defendant cannot be supported by

the fact that such judgment or order for judgment was warranted by the evidence if it appears from the record that there were no charges made against the defendant on the record to which the said evidence is applicable and may be attached. The above is the law of Massachusetts as declared in the Sleeper disbarment case by the Supreme Court of Massachusetts, and the facts in that case cannot be distinguished in principle from the facts in the case at bar.

"12. In so far and to the extent that G. L. c. 231, § 51, 138, purport to or are now so construed as to authorize the Superior Court to proceed to judgment against the defendants on the amended declaration filed and allowed on February 19, 1924, and without giving to the defendants a hearing or trial on the ground of liability therein set forth and pleaded for the first time by said amendment, that the said statutes and the said laws above set forth are repugnant to and in violation of the provisions of due process of law and the equal protection of the law as secured to these defendants by the Fourteenth Amendment to the Federal Constitution."

The foregoing requests were refused and the motion was denied. The defendants alleged exceptions.

*P. H. Kelley,* for the defendants.

*M. M. Horblit,* (*H. A. Eyges* with him,) for the plaintiff.

RUGG, C.J. This is an action of contract. It was referred to an auditor and subsequently was tried before a judge of the Superior Court without a jury. The finding was for the plaintiff. The case then came here on exceptions by the defendants and the exceptions were overruled. 250 Mass. 498. After rescript following that decision the defendants filed a motion in arrest of judgment. That was heard by a judge of the Superior Court, who refused certain requests for instructions and denied the motion. The case is here at present on points raised respecting this judicial action.

A motion in arrest of judgment can be sustained only for substantial errors of law apparent on the record. *Sawyer* v. *Boston,* 144 Mass. 470, 472. *Commonwealth* v. *Brown,* 150 Mass. 334, 341, and cases there collected. *Boston Bar Association* v. *Casey,* 227 Mass. 46, 49. "Such motions are not favored." *Baker* v. *Warner,* 231 U. S. 588, 592.

The defendants have undertaken to embody in this record requests for rulings presented by the plaintiff to the trial judge at the time of the trial on the merits. They were not made a part of the earlier bill of exceptions. Those are no part of the record and cannot be considered. *Given* v. *Johnson,* 213 Mass. 251. *Norton* v. *Musterole Co., Inc.* 235 Mass. 587, 598. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 461.

The grounds alleged in the present motion are in substance (1) that the finding of the judge in favor of the plaintiff was not based upon the allegations of the declaration but upon a different ground, and (2) that the trial judge allowed the plaintiff to file, subsequent to the hearing before him, an amended declaration setting up specifically the ground on which the finding was based. There are subsidiary averments in the motion which need not here be recited at length. All of them have been considered in reaching our conclusion.

It is to be observed that both these grounds and all grounds argued relate to matters which occurred prior to the time when the case was here before and concern the conduct of the judge at the original hearing and his subsequent allowance of the amendment to the declaration.

The declaration on which the case went to trial on the merits contained two counts. The first count alleged that the plaintiff was the assignee of a margin account carried by one P. E. Gash with the defendants, who are stockbrokers, and that the defendants had refused to deliver to the plaintiff the amount due him on such account upon demand, whereby the defendants owed the plaintiff a cash balance, the value of certain shares of stock and of a bond of the plaintiff held by the defendants, and interest. This count set out by specific enumeration the stocks included in the account thus assigned. They are the stocks carried on January 31, 1920, in account No. 1, between Gash and the defendants, which is hereafter described. The second count was on an account annexed. It alleged indebtedness due to the plaintiff on four items, (1) a cash balance, (2) the value of stock held by the defendants belonging to the plaintiff,

(3) the value of a bond so held, and (4) interest. The answer was simply a general denial and set up no affirmative defence.

The evidence showed that Gash had at the time of his assignment to the plaintiff two margin accounts with the defendants, one called account No. 1, on which there was a considerable credit balance due from the defendants, and another account called account No. 2, on which there was a small credit balance due from the defendants. On account No. 2, which remained in the name of Gash, there came to be soon afterwards a considerable debit balance due to the defendants. There was evidence tending to show, and the finding of the auditor and that of the judge clearly established, that the assignment from Gash to the plaintiff was of the margin account No. 1, on which there was the considerable credit balance due from the defendants, that this assignment was accepted by the defendants, that the other margin account, No. 2, was retained by Gash in his own name and was so recognized and treated by the defendants. The terms of the assignment from Gash to the plaintiff by specification of stocks unequivocally identified the account assigned as the one claimed by the plaintiff and found to be his by the trial judge. The stocks enumerated in the first count of the plaintiff's declaration were those enumerated in the assignment and carried in account No. 1 on January 31, 1920.

The controversy between the parties arose because on account No. 1 there was a considerable credit balance due from the defendants at the time the plaintiff made demand on them to turn over to him what was due on it, while on account No. 2 there was a considerable debit balance due to the defendants. The defendants refused to pay to the plaintiff the amount due from them on account No. 1, which stood in his name, until they were paid the amount due to them as debit balance on account No. 2 which stood in the name of Gash. They asserted a lien on account No. 1 to make good the debt due to them on account No. 2.

The record of that trial which was embodied in the first bill of exceptions shows that the main issues tried were (1)

whether the assignment from Gash to the plaintiff was genuine or fictitious, (2) whether that assignment was recognized and accepted by the defendants and the plaintiff thereafter treated by them as its owner, (3) whether, contemporaneously with the presentation of that assignment to the defendants and its acceptance by them, or at any time, it was agreed between the parties that whatever credit balance was or might be due on that account, No. 1, should be subject to a lien in favor of the defendants to cover whatever debit balance might be due them on the account, No. 2, remaining in the name of Gash, and (4) whether the two accounts were after the assignment of January 31, 1920, separate and distinct accounts, one in the name and for the benefit of and belonging to the plaintiff alone, and the other in the name and for the benefit of and belonging to Gash alone, with all subsidiary inquiries and issues connected with these chief questions. During the trial of the case on the merits, the plaintiff, when one of the witnesses called by the defendants was on the stand, introduced in evidence without objection the "Customer's Registration Card" signed by the plaintiff on January 31, 1920. This card was directed to the defendants and was kept by them. It was potent evidence of a contract directly and solely between the defendants and the plaintiff. The defendants cross-examined the plaintiff concerning that card. It was in the case as evidence without exception. The card was entitled to its full probative effect on the rights of the parties. The defendants, by limiting their examination or cross-examination concerning that card could not narrow its probative value or effect as evidence. There was much evidence in the case, aside from this card, of a contract between the plaintiff and the defendants as the exclusive parties springing into existence on January 31, 1920, and relating to account No. 1 alone. That "Customer's Registration Card" was referred to in the amendment to the first count of the declaration allowed by the judge after the trial, wherein was set out categorically a contract between the plaintiff and the defendants made as to account No. 1. It is manifest from an examination of the record that that subject was gone into at that trial in con-

siderable detail. It is further manifest that the relations between the plaintiff, the defendants and Gash touching these two accounts and the customer's registration card signed by the plaintiff were subjected to full inquiry at that trial. The defendants have not suggested in their argument the existence of any evidence bearing upon these questions then available which they did not present fully at the trial on the merits. They have urged strenuously that their constitutional rights have been invaded; but they have not indicated any facts on which to rest that alleged invasion. Painstaking examination of the record fails to disclose to us any rational possibility of harm to the defendants.

The case as set out in the amendment to the first count of the declaration, filed after the finding, was fully and substantially tried on its merits at the hearing before the trial judge. The findings of facts completely cover the issues raised thereby. The report of the auditor indicates that it was also tried before him. The findings of the judge show that, in reaching his conclusion that a new contract was made between the plaintiff and the defendants on January 31, 1920, dissociated from the earlier or continuing contract between Gash and the defendants, he relied upon all the evidence in the case and not exclusively upon the card signed by the plaintiff.

It was said in the opinion, when the case was here before, that "the evidence . . . warranted the finding that the defendants on January 31, 1920, made a new contract for a valuable consideration with the plaintiff, and that thereafter the rights and obligations of the plaintiff and defendants stood distinct and apart from the contractual relations . . . between the defendants and Gash."

There are at least three separate and complete answers to the motion in arrest of judgment.

1. The present action although described in the writ as either tort or contract, is founded on contract. It is settled under our practice and procedure that recovery may be had on an account annexed in cases where money is due under a contract, provided the plaintiff has fully performed his part of the contract. *Cullen* v. *Sears*, 112 Mass. 299.

*Lovell* v. *Earle,* 127 Mass. 546.   *Munroe* v. *Taylor,* 191 Mass. 483, 485.   *Hutchinson* v. *Plant,* 218 Mass. 148, 155.   It was said in *Dalton* v. *American Ammonia Co.* 236 Mass. 105, at page 107: " . . . if the terms of a special contract have been fulfilled so that nothing remains but a duty to pay money, the amount may be recovered under an account annexed."   The rule of this Commonwealth is that the legal title to stocks bought or held on a margin account (in the absence of special agreement) is in the broker rather than in the customer.   *Chase* v. *Boston,* 180 Mass. 458; 193 Mass. 522.   *Richardson* v. *Shaw,* 209 U. S. 365, 381, 384.   *Fiske* v. *Doucette,* 206 Mass. 275, 281.   *Hall* v. *Paine,* 224 Mass. 62, 72.   It follows that the refusal of a stockbroker to deliver on demand to a customer stock held on margin, when free from any lien or just claim, establishes on the part of the stockbroker a duty to pay its fair market value and that the customer can maintain an action of contract therefor. A declaration sufficient in form to state such liability would be a count on an account annexed as well as a count for money had and received.   *Crehan* v. *Megargel,* 235 Mass. 279.   G. L. c. 231, § 7, cl. 9; § 147, 1 (a).   The finding of the judge was, "On April 30, when the plaintiff made demand, nothing was due to the defendants on this account and it was their duty to deliver the securities to the plaintiff and to pay him the balance which the account showed in his favor."   This finding supports recovery on the account annexed.   No question has been raised concerning the amount for which damages were assessed.

Where there are several counts in a declaration for the same cause of action, some of which are good and some bad, and a general finding or verdict is returned, judgment will not be arrested but the finding or verdict may be applied to the good counts only.   *Smith* v. *Cleveland,* 6 Met. 332, 337.   *West* v. *Platt,* 127 Mass. 367, 371.   *Commercial Wharf Corp.* v. *Boston,* 208 Mass. 482, 487.   Judgment might be entered on the second count alone and it would not depend in any respect upon the amendment to count one, and would be free from any possibility of error.

2. It is provided by G. L. c. 231, § 51, that "The court

may, at any time before final judgment . . . allow amend-
ments . . . in matter of form or substance in any process,
pleading or proceeding, which may enable the plaintiff to
sustain the action for the cause for which it was intended to
be brought . . . ."   As was said by Chief Justice Shaw in
*Valentine* v. *Farnsworth,* 21 Pick. 176, 184, this confers on
the court a "very broad power . . . to amend before and
after verdict, in all cases, where the justice of the case re-
quires it."   Many cases have arisen where an amendment to
a declaration has been allowed after verdict in order to make
the statement of the cause of action conform to the evidence
and thus to avoid a variance between the allegations and
the proof without any new trial.   *Cleaves* v. *Lord,* 3 Gray,
66, 71.   *Bannon* v. *Angier,* 2 Allen, 128.   *Colton* v. *King,*
2 Allen, 317.   *Nichols* v. *Prince,* 8 Allen, 404, 408.   *Keller*
v. *Webb,* 126 Mass. 393.   *Whitney* v. *Houghton,* 127 Mass.
527.   *Fenton* v. *Lord,* 128 Mass. 466.   *Arlington* v. *Lyons,*
131 Mass. 328, 332.   *Denham* v. *Bryant,* 139 Mass. 110,
112.   *Batchelder* v. *Hutchinson,* 161 Mass. 462, 468.   *Camp-
bell & Zell Co.* v. *Barr Pumping Engine Co.* 182 Mass. 304.
*Cronan* v. *Woburn,* 185 Mass. 91.   *Fay* v. *Walsh,* 190 Mass.
374, 377.   *Lemay* v. *Springfield Street Railway,* 210 Mass.
63, 68.   Amendment to the declaration has frequently been
ordered by this court or directly allowed here under G. L.
c. 231, § 125, for the same purpose.   *Noble* v. *Brooks,* 224
Mass. 288.   *Savage* v. *Welch,* 246 Mass. 170, 182, and cases
there collected.   *Weinstein* v. *Miller,* 249 Mass. 516, 522;
*S. C.* 251 Mass. 503.   The foregoing is not intended as a
complete collection of authorities where such amendments
have been allowed or where the principle has been stated.
This doctrine has long been established and constantly acted
upon through the years in this Commonwealth.   It is most
salutary in preventing second trials for purely technical
reasons where there has been one full trial on the merits.
Of course, care must always be taken to be certain that the
issues have been fully and fairly tried.   *Shaw* v. *Boston &
Worcester Railroad,* 8 Gray, 45, 77.   But when, as in the case
at bar, it is clear that there has been such trial, there is no

reason why a defeated party should be given a second trial after having been once fairly defeated on the real issue.

It already has been pointed out that the issue raised by the amendment to the first count was fully tried.

The defendant has cited numerous decisions of the Supreme Court of the United States to the effect that State courts cannot enter judgment without giving parties an opportunity to be heard, and that such action amounts to deprivation of property without due process of law, or infringement of equal protection of the law in violation of rights secured by the Fourteenth Amendment to the Constitution of the United States. *Windsor* v. *McVeigh*, 93 U. S. 274. *Reynolds* v. *Stockton*, 140 Mass. 254. *Hovey* v. *Elliott*, 167 U. S. 409. *Saunders* v. *Shaw*, 244 U. S. 317. *Coe* v. *Armour Fertilizer Works*, 237 U. S. 413. *Ohio Valley Water Co.* v. *Ben Avon Borough*, 253 U. S. 287. *Riverside & Dan River Cotton Mills* v. *Menefee*, 237 U. S. 189. *Postal Telegraph Cable Co.* v. *Newport*, 247 U. S. 464, 476. Of course we accept the principles declared in these decisions in all their amplitude. The constitution of this Commonwealth contains safeguards in all these particulars, at least as strong as those of the Fourteenth Amendment to the United States Constitution. It is our plain duty to enforce such principles. Nothing is clearer than that one cannot be deprived of life, liberty or property without being afforded an opportunity to be heard on the claim against him. *Matter of Sleeper*, 251 Mass. 6, 19. These principles have all been observed in the trial of the case at bar. The defendants have had their full day in court as to all matters alleged in the amendment to the first count of the plaintiff's declaration.

This matter, as we see it, involves only a question of State pleading and practice. *Weiss* v. *Director General of Railroads*, 250 Mass. 12. Respecting such a question the decision of the State court is accepted as final by the United States Supreme Court. *Stevens* v. *Nichols*, 157 U. S. 370. *Yazoo & Mississippi Valley Railway* v. *Adams*, 180 U. S. 1, 9. *Central Vermont Railway* v. *White*, 238 U. S. 507, 513. *Lee* v. *Central of Georgia Railway*, 252 U. S. 109, 110. *Kansas*

*City Western Railway* v. *McAdow*, 240 U. S. 51.    *Washington* v. *Miller*, 235 U. S. 422, 429.    *Brinkmeier* v. *Missouri Pacific Railway*, 224 U. S. 268, 270.

No discussion is required to demonstrate the unsoundness of the argument of the defendants to the effect that their contract rights have been impaired contrary to § 10 of art. 1 of the Constitution of the United States.    That provision in terms applies only to an exertion of the legislative power of the State.    *Duane* v. *Merchants Legal Stamp Co.* 231 Mass. 113, 124, and cases there collected.    *Louisiana Railway & Navigation Co.* v. *New Orleans*, 235 U. S. 164, and cases collected at page 170.

3. The question as to the validity of the action of the Superior Court in allowing the amendment to the first count of the declaration after trial was considered by the court when the case was here before.    That is plain from the discussion in the last two paragraphs of the opinion.    250 Mass. 498, 504, 505.    It was settled by that decision that the amendment after verdict was rightly allowed and that no new trial for that reason was required or permitted.    The case as now presented might have been disposed of on that ground.    *Boyd* v. *Taylor*, 207 Mass. 335.    *Boston, petitioner*, 223 Mass. 36.    *Rubenstein* v. *Lottow*, 223 Mass. 227, 234. *Taylor* v. *Pierce Brothers, Ltd.* 220 Mass. 254, 255.    The case has, however, been considered at large, lest it might be thought that something had been overlooked.

It is not necessary to examine in detail the requests for rulings.    It follows irresistibly from what has been said that in our opinion they were all refused rightly.    It was correct to deny the motion in arrest of judgment.

*Exceptions overruled.*
*Order denying motion in arrest*
*of judgment affirmed.*