*Municipal Court of the City of Boston*

No. 359096

PRIGGEN STEEL BUILDING COMPANY

V

WILLIAM SCHNEIDER

(September 24, 1954)

*Roberts, J.* This is an action of contract wherein the plaintiff seeks to recover damages for the alleged breach of a written contract. A copy of count 1 of the declaration is hereto annexed marked "A". The answer is a general denial.

*There was evidence* that the defendant was in the process of setting up a gasoline station on land in the Reedville section of Boston. On May 23, 1952 the parties to this action entered into a written contract for the erection of a steel building which was to serve as an office on the defendant's lot. Subsequently, a discussion took place between the parties as to the laying of the concrete foundation, upon which the office building was to be erected. The plaintiff, hired a contractor to do this work and the foundation was set by this contractor in accordance with directions given by the defendant.

Sometime after the erection of the foundation the parties orally agreed to cancel or rescind the written contract and in consideration therefor the defendant agreed to pay the plaintiff the sum of one-hundred and two dollars which sum represented the money already laid out by the plaintiff for the construction of the foundation together with the building permit. It was not in dispute that this sum had never been paid.

At the close of the trial and after final argument by the defendant the defendant was permitted by the court to file the following requests for rulings as to count No. 1.

1. Where a cause of action is based on an express contract, there can be no recovery in a quantum meruit.

2. There is no evidence of any breach of contract as alleged in Count 1 of the plaintiff's declaration.

3. Where the plaintiff has failed to perform its contract as agreed, the defendant may rescind said contract.

The court allowed the defendant's first and third requests and denied the second and made the following finding:

"I find that parties agreed to rescind contract on the payment of one-hundred two dollars ($102.00) claimed in Count 1." The Court found for the plaintiff in the sum of one-hundred two dollars ($102.00) under Count 1.

The only issue raised and argued by the defendant (see request No. 2) concerns a variance between the plaintiff's declaration and the evidence offered at the trial. The plaintiff alleged the breach of an express written contract whereas the testimony showed that the parties agreed to cancel or rescind their rights under the contract upon the payment of the sum of one-hundred and two dollars by the defendant to the plaintiff.

This was the finding of the trial judge and such finding is fully supported by the evidence reported. For that matter, the defendant does not question that such a finding was warranted, but argues that this

variance is fatal and that this court should vacate the finding and enter judgment for the defendant.

While it is true that the finding cannot be sustained under the plaintiff's declaration we are of the opinion that the plaintiff should be permitted to amend his declaration so that the statement of its cause of action may conform to the evidence and the finding of the court.

Whatever may be the rule elsewhere it has long been the established policy of our courts to allow such amendments particularly where there has been a full trial on the merits. *Pizer v. Hunt*, 253 Mass. 321, 331.

This court has the authority to deal with such amendment under the provisions of G. L. c. 231, §125. (See G. L. c. 231, §110.)

Accordingly, if within twenty days the plaintiff amends count 1 of its declaration into a count setting up the substituted oral agreement, leave to do which is given, the report is to be dismissed; otherwise, judgment is to be entered for the defendant.

*So ordered.*

Allan Green, for the plaintiff.
James Zisman, for the defendant.