OPINION OF THE JUSTICES TO THE HOUSE OF
REPRESENTATIVES.

*Public Welfare.* *Constitutional Law,* Public welfare, Interstate movement, Equal protection of laws.

Proposed legislation providing that relief payments to a recipient of public welfare who had been domiciled in this Commonwealth for less than two years should be limited to a sum equal to that allowed to such recipient under the laws of his last domicil would, in view of the decision of the Supreme Court in *Shapiro* v. *Thompson,* 394 U. S. 618, be unconstitutional under the Constitution of the United States as restricting his right of interstate movement and as denying him the equal protection of the laws.

On March 24, 1970, the Justices submitted the following answers to questions propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in an order adopted by the House on March 4, 1970, and transmitted to us on March 11. The order recites the pendency before the House of a bill, House No. 336, a copy of which was transmitted with the order. The bill provides that relief payments to a recipient for the first two years shall be limited to a sum equal to the amount of money allowed to such a recipient under the laws of his last domicil. The act is not to apply to a recipient who has been domiciled in this Commonwealth for two years or more. It is stated that grave doubt exists as to the constitutionality of said bill, if enacted into law.

The questions are:

"1. Is it constitutionally competent for the General Court to enact House, No. 336, entitled 'An Act regulating payments to relief recipients,' limiting relief pay-

ments to a welfare recipient who moves into the commonwealth from another state for a two year period to a sum equal to the amount of relief payments allowed to said recipient under the laws of his last domicile in the other state in view of the decision of the United States Supreme Court in . . . [*Shapiro* v. *Thompson,* 394 U. S. 618.]

"2. Would the enactment of such legislation be class legislation in violation of Amendment 14 of the Constitution of the United States and of Article X of the Constitution of the Commonwealth guaranteeing the equal protection of the laws to all citizens?"

1. The first question asks our opinion of the constitutionality of the proposed bill based upon one recent decision of the Supreme Court of the United States. In *Shapiro* v. *Thompson,* 394 U. S. 618, the majority opinion invalidated statutes of Connecticut, Pennsylvania, and the District of Columbia which denied welfare assistance to persons who, otherwise eligible, had not resided within the jurisdiction for at least one year immediately preceding their applications for assistance. We quote from that opinion: "We do not doubt that the one-year waiting-period device is well suited to discourage the influx of poor families in need of assistance. An indigent who desires to migrate, resettle, find a new job, start a new life will doubtless hesitate if he knows that he must risk making the move without the possibility of falling back on state welfare assistance during his first year of residence, when his need may be most acute. But the purpose of inhibiting migration by needy persons into the State is constitutionally impermissible. This Court long ago recognized that the nature of our Federal Union and our constitutional concepts of personal liberty unite to require that all citizens be free to travel throughout the length and breadth of our land uninhibited by statutes, rules, or regulations which unreasonably burden or restrict this movement" (page 629). "[T]he purpose of deterring the in-migration of indigents cannot serve as justification for the classification created by the one-year waiting period, since

that purpose is constitutionally impermissible. If a law has 'no other purpose . . . than to chill the assertion of constitutional rights by penalizing those who choose to exercise them, then it [is] patently unconstitutional.' *United States* v. *Jackson*, 390 U. S. 570, 581 (1968)" (page 631). "Since the classification here touches on the fundamental right of interstate movement, its constitutionality must be judged by the stricter standard of whether it promotes a *compelling* state interest. Under this standard, the waiting-period requirement clearly violates the Equal Protection Clause [of the Fourteenth Amendment]" (page 638). "For the reasons we have stated in invalidating the Pennsylvania and Connecticut provisions, the District of Columbia provision is also invalid — the Due Process Clause of the Fifth Amendment prohibits Congress from denying public assistance to poor persons otherwise eligible solely on the ground that they have not been residents of the District of Columbia for one year at the time their applications are filed" (page 642).

See discussions of the *Shapiro* case in 83 Harv. L. Rev. 40 and 118.

The proposed bill seems clearly to fall within the language of the quoted decision. In fact, the bill appears open to more serious objections than the statutes there held invalid. Instead of a one-year waiting period the proposed bill has what upon analysis is a two-year waiting period. In addition, the bill, if enacted, might lead to the creation of a number of different rates of welfare payments depending upon the number of applicants, the number of States from which the applicants respectively came, and the varying rates of welfare payments in those States. We answer question 1 in the negative.

2. (a) The first part of the second question relating to the Fourteenth Amendment to the Constitution of the United States has been covered by our answer to question 1.

(b) The second part of the second question asks whether the enactment of the proposed bill would be in violation of art. 10 of the Constitution of the Commonwealth which is

described as "guaranteeing the equal protection of the laws to all citizens." This part of the question by its reference to art. 10 of the Constitution of the Commonwealth evidently misdescribes the section intended. We believe that the section intended is art. 10 of the Declaration of Rights. The phrase, "equal protection of the laws," it will be noted, does not there appear in those exact words. Nevertheless, that is the provision of our Constitution which may be appropriately cited to raise the same constitutional principle. It reads, "Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty and property, according to standing laws." For decisions of this court relating to this provision of the Constitution, see *Pizer* v. *Hunt,* 253 Mass. 321, 332; *Attorney Gen.* v. *Brissenden,* 271 Mass. 172, 184; *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 320; *Pugliese* v. *Commonwealth,* 335 Mass. 471, and cases cited at pp. 474–475. See *Opinion of the Justices,* 271 Mass. 598, 601.

Even if we were to reach a conclusion that House No. 336 could be validly enacted under art. 10 of the Declaration of Rights, provisions of the Constitution of the United States, as presently construed by a majority of the Supreme Court of the United States in *Shapiro* v. *Thompson,* 394 U. S. 618, would bar its enforcement. Accordingly, we think that we should now refrain from expressing any opinion whether under art. 10 of the Declaration of Rights we would have reached the same result as did that majority. The question is now, and will continue to be, wholly academic so long as the principles expressed in the *Shapiro* case remain effective.

RAYMOND S. WILKINS.
JOHN V. SPALDING.
R. AMMI CUTTER.
PAUL G. KIRK.
JACOB J. SPIEGEL.
PAUL C. REARDON.
FRANCIS J. QUIRICO.